**Ex parte Fred WARNELL, Jr.**

No. 65796.

Court of Criminal Appeals of Texas, En Banc.

Oct. 29, 1980.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post—conviction habeas corpus proceeding brought under the provisions of Article 11.07, V.A.C.C.P.

Petitioner alleges that he was convicted of burglary of a habitation upon his guilty plea to a felony information (Article 1.141, V.A.C.C.P.) after waiver of an indictment by a grand jury. His punishment was assessed by the court at seven (7) years' imprisonment.

He now contends that the felony information to which he pled is fatally defective because it did not conclude "Against the peace and dignity of the State."

Article V, § 12 of the State Constitution in part provides:

"The style of all writs and process shall be, 'The State of Texas.' All prosecutions shall be carried on in the name and by authority of the State of Texas, and shall conclude: 'Against the peace and dignity of the State.'"

Article 21.02, V.A.C.C.P., provides in part:

"An indictment shall be deemed sufficient if it has the following requisites:

"(1) –

"(8) The indictment concludes, 'Against the peace and dignity of the State.'"

Article 21.21, V.A.C.C.P., provides in part:

"An information is sufficient if it has the following requisites:

"(1) –

"(8) That it conclude 'Against the peace and dignity of the State.'"

An information is fatally defective when it does not conclude "Against the peace and dignity of the State." *Herring v. State*, 273 S.W.2d 421 (Tex.Cr.App.1954); *Etter v. State*, 297 S.W.2d 834 (Tex.Cr.App.1957). See also Article 21.21 supra, note 16. The same is true of an indictment. *Reese v. State*, 141 S.W.2d 949 (Tex.Cr.App.1940); *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974). See Article 21.02, supra, note 59.

The petitioner is entitled to the relief prayed. The felony information is dismissed and the petitioner is ordered discharged from custody thereunder.

It is so ordered.