**Benjamin E. SAENZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–291–CR.**

Court of Appeals of Texas,
Corpus Christi.

Jan. 19, 1984.

Rehearing granted April 12, 1984.

Thomas Rocha, Jr., San Antonio, for appellant.

John Horn, III, Asst. Dist. Atty., San Antonio, for appellee.

Before NYE, C.J., and YOUNG, and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

Appellant was convicted of the offense of unlawfully carrying a weapon on a premises licensed to sell intoxicating beverages. His punishment was enhanced by one prior felony conviction, and punishment was assessed by the trial court at 20 years in the Texas Department of Corrections.

Appellant has raised two grounds of error challenging the trial court's ruling on his motion to suppress certain evidence. It is unnecessary for us to address these grounds because our inspection of the record reveals that the indictment is, according to the highest state appellate court (for criminal matters), fundamentally defective. The indictment does not conclude with the words "Against the peace and dignity of the State." Article V, § 12 of the State Constitution in part provides:

"The style of all writs and process shall be, 'The State of Texas.' All prosecutions shall be carried on in the name and by authority of the State of Texas, and shall conclude: 'Against the peace and dignity of the State,'"

Article 21.02, V.A.C.C.P., provides in part:

"An indictment shall be deemed sufficient if it has the following requisites:
(1) —
(8) The indictment concludes, 'Against the peace and dignity of the State.'"

Article 21.21, V.A.C.C.P., provides in part:

"An information is sufficient if it has the following requisites:
(1) —
(8) That it conclude 'Against the peace and dignity of the State.'"

A charging instrument is fatally defective when it does not conclude "Against the peace and dignity of the State." *Ex Parte Warnell,* 606 S.W.2d 923 (Tex.Cr.App.

1980); *Reese v. State,* 139 Tex.Cr.R. 593, 141 S.W.2d 949 (Tex.Cr.App.1940). Although this defect was not assigned as error on appeal, we are required to reverse the conviction.[1]

The judgment of the trial court is reversed and the indictment is ordered dismissed.

### ON STATE'S MOTION FOR REHEARING

■ On original submission, this Court reversed appellant's conviction because the appellate record failed to show that the indictment concluded with the words "Against the peace and dignity of the State." Our decision was based on Texas Court of Criminal Appeals' authority requiring a reversal when these words are omitted from an indictment, even when appellant has not complained of this error, and even though the trial proceedings were proper in all other respects. The State has now filed a motion to supplement the appellate record. This motion is granted. This shows that the second page of the indictment was omitted from the original appellate record and that the actual indictment properly concluded with "Against the peace and dignity of the State." The State's motion for rehearing is also granted. Because Texas case law requires appellate courts to reverse criminal convictions for technical defects in the charging instrument, the State should carefully scrutinize the appellate records before they are approved by the trial courts. We now address the grounds of error raised by appellant in his original appellate brief.

■ Appellant was convicted of unlawfully carrying a weapon on licensed premises. In his first two grounds of error, he contends that his warrantless arrest was based upon an illegal search and that the two handguns seized as a result of the search should not have been admitted into

---

1. The appellant does not contend that he did not receive a fair and impartial trial because his constitutional rights had been violated. The legislature should address the problem of unassigned error in criminal cases at the next session of the legislature. Texas is one of the very few, if not the only state, that permits such technical grounds for reversal even though the error is not raised by the appellant on appeal, as in this case.

evidence. A review of the facts leading to appellant's arrest is required, since the validity of a warrantless search can be decided only in terms of the concrete factual situation presented by each case. *Hardinge v. State*, 500 S.W.2d 870 (Tex.Cr. App.1973).

A pretrial hearing was held to determine the validity of the search. The State's primary witness was Officer A.L. Dominquez who arrested the appellant. Dominquez testified that he was on duty about 4:00 a.m., when he received information that appellant was inside the Navy Club and was carrying a weapon. The identity of the informant is not disclosed in the record, and Dominquez, with the assistance of the State's attorney, made considerable effort at the pre-trial hearing to disclose as few facts about the informant as possible. The trial court was made aware of certain facts regarding the informant out of the presence of the defendant and counsel. This information was apparently told to the trial judge in the court reporter's presence, but it was not made a part of the appellate record.[1] The record was approved without this information and without objection.

The pretrial hearing showed that Officer Dominquez was familiar with the appellant, although he had no previous personal contact with the appellant prior to the arrest. The officer testified that in the past he had been told by three different persons that appellant was "constantly in possession of weapons." At 4:00 a.m., the informant told the officer that appellant was inside the Navy Club, wearing particular clothing, and carrying a handgun. He also told of appellant's location inside the club.

After receiving the information, the officer waited a few minutes for another officer to arrive, and then both went inside the club. According to Dominquez, "I approached the defendant and upon approaching him I reached to the right side to where I had been informed by the information he had this deadly weapon and introduced myself and upon doing so I felt the handgun in the right side of his belt underneath the shirt which was worn on the outside and I took possession of the gun and Mr. Saenz at that time."

Dominquez was able to recognize appellant from the description given by the informant, his location in the club, and from a photograph he had of appellant. The officer testified that, after he reached for the appellant's right side, appellant made an overt move toward the left part of his (appellant's) body. Officer Dominquez seized a .357 derringer from the appellant's belt on the right side. A subsequent search uncovered another gun on appellant's left hip. Both guns were loaded.

In his first two grounds of error, appellant contends that the trial court erred in denying his motion to suppress the seized handguns because the State failed to show the reliability of the informant and failed to show how the unnamed informant knew that appellant was carrying a gun. Appellant based his argument on *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and its progeny which were abandoned by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).[2] As noted in *Gates*, the informant's veracity, reliability and basis of knowledge remain highly relevant in determining the value of the informant's report, but it is the "totality of the circumstances," not reliance upon the individual criteria of *Aguilar*, which determines whether there was probable cause. *Gates*, 103 S.Ct. at 2328.

The record here shows that in the past the informant had given the officer credible information on at least three previous occasions. Officer Dominquez could not recall receiving any bad information

---

1. Revealing an informant's name is not necessary to show his reliability, but whether the officer knew his name is relevant in evaluating the officer's ability to vouch for the informant's reliability. *See Ebarb v. State*, 598 S.W.2d 842 (Tex.Cr.App.1980).

2. Appellant's brief was filed before *Illinois v. Gates* was delivered.

from this informant in the past. The officer had known the informant for five years. At trial, Dominquez testified that the information was given to him in front of the club,[3] and that the informant had described the appellant by his clothing and location in the club. The informant also advised the officer that appellant was carrying a .357 derringer in his belt on the right side.

Information from an informant who the officer considers reliable is a specific and articulable circumstance which justifies an initial investigation. *Ebarb v. State*, 598 S.W.2d 842 (Tex.Cr.App.1980). Given the specificity of information relayed to the officer, the close proximity of the informant to the club, and the informant's previous credibility in supplying information, we find that the officer was justified in searching appellant based on this informant's tip.

Upon these facts, we cannot find that the warrantless arrest and search violated appellant's constitutional rights. *See Alexander v. State*, 458 S.W.2d 656 (Tex.Cr.App. 1970). Appellant's first two grounds of error are overruled.

■ In his third ground of error, appellant contends that there is a fatal variance between the indictment and the judgment of conviction. Sec. 46.02(c), TEX.PENAL CODE ANN. (Vernon 1974) provides that a person, who unlawfully carries a weapon on premises licensed or issued a permit for the *sale or service* of alcoholic beverages, commits a third degree felony. The indictment in the present case alleged that appellant carried a gun on premises licensed for the *sale and service* of alcoholic beverages. As noted in *Zanghetti v. State*, 618 S.W.2d

383 (Tex.Cr.App.1981), the allegations in the indictment should be joined in the conjunctive. We hold that there is no error in the indictment. The offense is unlawfully carrying weapons. The penalty is that of a third degree felony, if the offense occurs on premises licensed or issued a permit for *the sale or service* of alcoholic beverages. Appellant's third ground of error is overruled.

The State's motion for rehearing is granted. The judgment of the trial court is affirmed.

---

**3.** In reviewing the validity of a warrantless search, the appellate court considers the evidence developed at the pretrial suppression hearing and the evidence developed in greater detail at trial. *McDole v. State*, 579 S.W.2d 7 (Tex.Cr.App.1979). *But see Hardesty v. State*, 667 S.W.2d 130 (Tex.Cr.App.1984) wherein the Court of Criminal Appeals noted that evidence relating to the pretrial matters may be excluded by the defendant's objection, where no issue at trial relates to the evidence sought to be introduced. It was at trial that the officer first testified that his informant was male and that their meeting was in front of the club.

At the pretrial hearing, Officer Dominquez was evasive about answering questions relating to the identity and location of the informant. Matters concerning the informant were developed, however in greater detail at trial. Officer Dominquez' testimony at the trial contradicted his previous testimony in some minor respects which do not affect a determination of the search's validity. For example, at trial Dominquez said he was out of his car when he received the information. At the pretrial hearing, he said he was in his car.