**Jesse Chavarria GOMEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–83–289–CR.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 17, 1985.

David K. Chapman, San Antonio, for appellant.

Alan Battaglia, Margaret M. Embry, San Antonio, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

The original opinion, *Gomez v. State*, 665 S.W.2d 849, delivered February 9, 1984, by us reversed and remanded appellant's conviction for possession of heroin. We found that *Ferguson v. State*, 571 S.W.2d 908 (Tex.Crim.App.—1978), barred the appeal of a pre-trial motion to suppress where an accused felon, as part of a plea bargain agreement, judicially confessed to the crime charged. *See* TEX.CODE CRIM. PROC.ANN. art. 44.02 (Vernon 1979). However, we also found that the appellant's judicial confession was involuntarily made, since appellant entered into the plea agreement in reliance on the express permission of the trial court to appeal the suppression motion.

Subsequently, on March 6, 1985, the Court of Criminal Appeals overruled *Ferguson* and its progeny in *Morgan v. State*, 688 S.W.2d 504, 507 (Tex.Crim.App.1985). On remand from the Court of Criminal Appeals, we now reconsider this case in light of *Morgan*.

Appellant was arrested about 6:15 p.m. on May 14, 1980, while walking along the 600 block of S. Frio St. in San Antonio. The arresting officers were acting solely on the information provided by a confidential informer, who told one of the officers that Jesse Gomez, commonly called "Chui," was on the 600 block of S. Frio and was selling heroin. The informer described the clothing of the suspect with particularity. Both officers testified that they were familiar with both Jesse Gomez and with the informer. When they drove to the 600 block of S. Frio, about four blocks away, they saw appellant wearing substantially the clothing described. The officers immediately placed him under arrest. Appellant was searched, and a small package of heroin was found between the waistband of appellant's pants and his stomach.

By written motion to suppress, appellant contended that the arrest and the search were made without probable cause and without a search warrant. The motion to suppress was overruled by the trial court, whereupon appellant pleaded *nolo contendere* pursuant to a plea bargain with the State. Appellant preserved for appellate review the matters raised in his motion to suppress. TEX.CODE CRIM.PROC.ANN. art. 44.02. *See Morgan v. State*, 688 S.W.2d at 508.

■ For purposes of this appeal, appellant contends that the State failed to show that the information provided by the confidential informer established probable cause for the search under the test of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Appellant's brief was prepared in May of 1982 by his court-appointed attorney (a different one from the court-appointed attorney who argued before the Court of Criminal Appeals). That brief appeals the failure to meet the *Aguilar* test as a violation of appellant's federal constitutional rights only. The state law grounds are not urged, nor is error in failing to get a warrant, although both were argued in the motion to suppress. Since May of 1982, the two-pronged *Aguilar* test has been superseded by the "totali-

**488**

ty of the circumstances" test of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *See Whaley v. State*, 686 S.W.2d 950 (Tex.Crim.App.1985); *Schwartz v. State*, 685 S.W.2d 333 (Tex. Crim.App.1985); *Eisenhauer v. State*, 678 S.W.2d 947 (Tex.Crim.App.1984). However, even under the stricter *Aguilar* standard, appellant's contention does not withstand analysis. Where the reliability of the informer is shown and the description is detailed and accurate, probable cause is established under *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *Pearson v. State*, 657 S.W.2d 120 (Tex.Crim.App.1983); *Lucky v. State*, 471 S.W.2d 81 (Tex.Crim.App.1971); *Almendarez v. State*, 460 S.W.2d 921 (Tex.Crim.App. 1970); *Rangel v. State*, 444 S.W.2d 924 (Tex.Crim.App.1969).

■ In the instant case, one of the officers testified that "about thirty" cases were made and completed on the basis of information supplied by this informer. Details about the informer's description of appellant's clothing were disputed.[1] However, both police officers testified that they were familiar with Jesse Gomez. The informer told the officers precisely where appellant would be, and the location was only four blocks from where the police received the tip. Thus, the officers were looking for a particular person at a particular place, and were merely aided by a reasonably accurate description of his clothing. They immediately proceeded to the site, identified appellant, and arrested him.

Based on the accurate tip of a reliable informer, the officers had probable cause to arrest appellant, and once he was arrested, the search incident thereto was lawful. The conviction is affirmed.

YOUNG, J., not participating.

---

1. Appellant said he was wearing a yellow baseball cap, while the officers testified that the appellant was wearing the cap the informer had described, an orange and white baseball cap with "Ford" written on it; the informer said appellant would be wearing a multi-colored shirt, but appellant said he was wearing a faded blue shirt with embroidered flowers on it; both appellant and the officers testified that appellant was wearing blue jeans.