**The STATE of Texas, Appellant,**

v.

**John Edward COMO, Appellee.**

**No. 09-91-010 CR.**

Court of Appeals of Texas,
Beaumont.

Jan. 8, 1992.

Rehearing Denied Jan. 23, 1992.

Michael Little, Dist. Atty., Liberty, Jerry E. Andress, First Asst. Dist. Atty., Liberty, for State.

Chris Flood, DeGuerin & Dickson, Houston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

The State appeals the trial court's order granting a Motion to Suppress. The State's sole point of error urges evidence gained by the State was not the result of illegal detention of appellee.

The parties agree on the facts, but disagree as to their significance. Officer Leon Wilson, patrolling a high crime area at 1:00 a.m., noticed two black males standing by a Cadillac. The Cadillac was parked in a public parking lot. The two black males saw his marked patrol car and ran

away. Wilson turned on his headlights and pulled up behind the Cadillac. Wilson radioed in the license plate number and received a "no record" response sixty seconds later. A "no record by MVD file" meant it was either a newly registered vehicle or it could be an unregistered vehicle or an altered license plate. At some point Wilson turned on his spotlight and perhaps his overhead light.

John Edward Como emerged from the vehicle's driver position and approached the police car. The officer got out of his car, asked Mr. Como "what's happening", then requested Mr. Como step to the front of the patrol car. Wilson approached the Cadillac for the purpose of obtaining the vehicle identification number off of the dashboard. Gilbert Wayne Hammitt[1] was seated in the rear passenger seat. A third individual was seated in the front passenger seat. Wilson asked the occupants to keep their hands where he could see them. He illuminated the automobile interior with his flashlight and discovered contraband in plain view. The officer arrested appellee and his companions.

A police officer may briefly stop a suspicious individual in order to determine his identity or to maintain his status quo momentarily while obtaining more information. *Gearing v. State*, 685 S.W.2d 326 (Tex.Crim.App.1985). To justify an investigative detention, the officer must have specific articulable facts which, premised upon his experience and personal knowledge, when coupled with the logical inferences from those facts would warrant the intrusion on the detainee. *Garza v. State*, 771 S.W.2d 549 (Tex.Crim.App.1989). These facts must amount to more than a mere hunch or suspicion. *Williams v. State*, 621 S.W.2d 609 (Tex.Crim.App.1981).

Officer Wilson expressed reasonable articulable facts for the initial intrusion. He was patrolling a high crime area in the middle of the night. People standing at the car ran away when they saw his police unit, so Wilson investigated by turning on

his headlights and pulling in behind the vehicle. There was no record of the license plate so it was reasonable for him to investigate further in order to identify the vehicle.

When Mr. Como exited the vehicle, the officer asked Mr. Como to go to the front of the vehicle while the officer checked the vehicle identification number, without asking Mr. Como if he owned the automobile or requesting the vehicle registration or other proof of ownership.

Because the state of the law is so heavily contrary to the position taken by the trial court in the instant case based upon the evidence before him, we are compelled to set out what we feel is the best and most condensed version of the law of "temporary detention" in criminal cases. The following is taken from *Dickey v. State*, 716 S.W.2d 499 (Tex.Crim.App.1986):

It is settled law that "[a] brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612, 617 (1972); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In such circumstances the State need not demonstrate that probable cause to arrest a suspect existed at the inception of the detention, although such a detention is within the protection of the Fourth Amendment of the United States Constitution, *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), and Article I, sec. 9 of the Texas Constitution. This court has frequently said that circumstances short of probable cause for arrest may justify temporary detention for the purposes of investigation since an investigation is considered to be a lesser intrusion upon the personal security of the individual. *Leighton v. State*, 544 S.W.2d 394 (Tex.Crim.App.1976); *Ablon v. State*, 537

---

1. Gilbert Wayne Hammitt's Motion to Suppress was heard with appellee's. The Court reviewed the trial court's ruling on Mr. Hammitt's motion

in *State v. Hammitt*, No. 09–91–012 CR (Tex. App.—Beaumont, 1992).

S.W.2d 267 (Tex.Crim.App.1976); *Mann v. State*, 525 S.W.2d 174 (Tex.Crim.App. 1975); *Hernandez v. State*, 523 S.W.2d 410 (Tex.Crim.App.1975); *Borner v. State*, 521 S.W.2d 852 (Tex.Crim.App. 1975); *Wood v. State*, 515 S.W.2d 300 (Tex.Crim.App.1974); *Baity v. State*, 455 S.W.2d 305 (Tex.Crim.App.1970), *cert. den.*, 400 U.S. 918, 91 S.Ct. 180, 27 L.Ed.2d 158.

Although stopping a vehicle and detaining its occupants constitutes a seizure within the meaning of the Fourth Amendment, the governmental interest in investigating an officer's reasonable suspicion, based on specific and articulable facts, may outweigh the Fourth Amendment interest of the occupant in remaining secure from the intrusion. *Adams v. Williams, supra*, 407 U.S. at 143, 146, 92 S.Ct. at 1921, 1923, 32 L.Ed.2d 612, 617. See also, *United States v. Hensley*, 469 U.S. 221 [226], 105 S.Ct. 675 [679], 83 L.Ed.2d 604, 610 (1985), citing *Delaware v. Prouse*, 440 U.S. 648, 653–655, 99 S.Ct. 1391, 1395–1397, 59 L.Ed.2d 660 (1979).

The totality of the circumstances surrounding the incident are looked to in determining whether the police conduct was reasonable. *Armstrong v. State*, 550 S.W.2d 25, 30 (Tex.Crim.App.1977) (Opinion on Rehearing), and cases cited therein. While a temporary investigative detention is allowed under certain circumstances, these circumstances must be such as to distinguish the activity of the detained person from that of any other citizen and must be based on an objective perception of events rather than the subjective feelings of the detaining officer. In order to justify the intrusion, the law enforcement officer must have specific, articulable facts, which in the light of his experience and general knowledge, together with other inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen detained for further investigation. *United States v. Brignoni–Ponce*, 422 U.S. 873, 880–881, 95 S.Ct. 2574, 2579–2580, 45 L.Ed.2d 607 (1975); *Terry*, supra, 392 U.S. at 1, 88 S.Ct. at 1868, 20 L.Ed.2d 889; *Ablon*, supra; *Mann*, supra; *Hernandez*, supra. See also *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex.Crim. App.1978).

Thus, even in the absence of bad faith, detention based "on a mere hunch" is illegal. *Armstrong*, supra, citing *Hull v. State*, 613 S.W.2d 735 (Tex.Crim.App. 1981). There must be a reasonable suspicion by the law enforcement officer that some activity out of the ordinary is or had occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to crime. *Armstrong*, supra. Where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful. *Armstrong*, supra; *Glass v. State*, 681 S.W.2d 599 (Tex.Crim.App.1984).

*Dickey*, supra at 503–504 n. 4.

We recognize the long-standing rule, recently reiterated in *Lucas v. State*, 791 S.W.2d 35, 47 (Tex.Crim.App.1989), which states that admissibility of evidence is within the sound discretion of the trial judge, and the trial court's findings shall not be disturbed on appeal if they are supported by the evidence. In the instant case, the trial court did not make any formal findings of fact and conclusions of law. The trial court, in the instant case, took the case under advisement following the hearing on the motion to suppress. The trial court's order merely reads, in pertinent part, "Defendant's Motion to Suppress all evidence as a result of the search in this cause is hereby GRANTED."

Based upon the law cited in the excerpt from *Dickey*, supra, the only way the trial court, *by law*, was permitted to suppress the evidence was to find, in essence, that the officer expressed *NO* articulable facts, or *legally insufficient* articulable facts, that justified his initial "seizure" of the vehicle by pulling up behind it and turning on the emergency lights. As we indicated earlier, Officer Wilson described reasonable articulable facts for the initial intrusion. Our reading of the law rendered in the cases cited in *Dickey*, supra, leads us to conclude that once an officer expresses "reasonable articulable facts," the government's interest in investigating the offi-

cer's reasonable suspicion, based on his already articulated facts, *outweighs the interests of the occupant(s) in remaining secure from the intrusion, a momentary detention for purposes of investigation being a lesser intrusion upon the personal security of the individual(s).*

▉ In the instant case, however, based upon a reading of the testimony and the current state of the law in this area, we are unable to find where Officer Wilson committed any intrusive act once appellee's vehicle was initially detained. The testimony is clear that Officer Wilson had a reasonable suspicion to believe that there may have been some problem with the registration of the vehicle. At that point, the circumstances, as the officer recognized them, were suspicious: a vehicle with occupants parked with its lights off in a parking lot in a high crime area; two men standing by the vehicle flee on foot after observing the police patrol unit; the license plate number of the vehicle indicated that the vehicle may not have been registered, or the plate altered—both a violation of the law. These articulable, suspicious circumstances permitted Officer Wilson to, *at the very least,* approach the vehicle and radio-in the vehicle identification number in order to ascertain whether or not the law had been violated. In fact, under *Terry,* supra, it appears that Officer Wilson may have been justified in conducting a pat-down of appellee as he approached the officer. Yet the officer did not engage in what we see as the more intrusive and, under *Terry,* justified acts, i.e., pat-down and questioning of appellee. The officer moved to the front of the vehicle in an attempt to locate the vehicle identification number. It is at that point, standing at the front of appellee's vehicle, that the officer observed the contraband in plain view.

*New York v. Class,* 475 U.S. 106, 106 S.Ct. 960, 89 L.Ed.2d 81 (1986) held that the Fourth Amendment was not violated by a police officer's finding a pistol while reaching into a car to move papers obscuring the vehicle identification number, after stopping the car for traffic violations. Appellee's brief makes no distinction between the Fourth Amendment of the United States Constitution and Art. I, sec. 9 of the Texas Constitution in arguing his points on "illegal seizure and custodial arrest." Appellee's brief was filed June 24, 1991. On June 26, 1991, the Court of Criminal Appeals handed down *Heitman v. State,* 815 S.W.2d 681 (Tex.Crim.App.1991), holding that the Court, when analyzing and interpreting Art. I, sec. 9, would not be bound by United States Supreme Court decisions addressing the comparable Fourth Amendment issue. Appellee filed no supplemental brief nor made any other attempt at distinguishing their Art. I, sec. 9 claims from their Fourth Amendment claims.

We opine that should the trial judge in the instant case be correct in suppressing the contraband, then law enforcement may just as well turn in their badges, hang up their weapons, abandon their cause, and simply surrender society to whatever.

For all of the reasons set out above, we reverse the trial court's order suppressing the contraband seized as the result of the lawful investigative detention of appellee and his companions, and remand the cause back to the trial court for further proceedings.

REVERSED AND REMANDED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority correctly states the law and correctly analyzes it *vis à vis* search and seizure. However, the admissibility of evidence, in this instance, the exclusion of evidence via a motion to suppress, is within the sound discretion of the trial judge. The trial court's findings shall not be disturbed on appeal if they are supported by the evidence. *Lucas v. State,* 791 S.W.2d 35, 47 (Tex.Crim.App. 1989). The trial court could have found that the authority exercised—seizing the car so the officer could check the identification number—was not justified because the officer could have satisfied or confirmed his suspicions without increasing the intrusion beyond the scope of the initial detention. Under the totality of these circumstances, the trial court could have found that the officer failed to express reasonable

articulable reasons for searching beyond Mr. Como to the interior of the vehicle. Accordingly, I would find no abuse of discretion. I would overrule the point of error and affirm the trial court's ruling. The majority holds otherwise, therefore, I respectfully dissent.