The STATE of Texas, Appellant,

v.

Chester CLOUSE, Jr., Appellee.

No. 09–91–219 CR.

Court of Appeals of Texas,
Beaumont.

June 3, 1992.

Gilbert Garcia, Garcia & Garcia, Conroe, for appellee.

Peter Speers, III, Dist. Atty. and Kathleen Hamilton, Asst. Dist. Atty., Conroe, for the State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is an interlocutory appeal by the State of Texas pursuant to TEX.CODE CRIM. PROC.ANN. art. 44.01(a)(5) (Vernon Supp. 1992). The state indicted David Tees, Chester Clouse, Jr., Jesse Gurley, Russell Moore, and Terri Clouse, for the first degree felony offense of engaging in organized criminal activity. Chester Clouse, Jr. filed a motion to suppress certain evidence, which the trial court granted as to evidence seized without a warrant.

Point of error one urges "The trial court erred in granting the Appellee's First

Amended Motion to suppress evidence." Point of error two contends "The trial court abused its discretion in granting the Appellee's first amended motion to suppress evidence." As the points of error are two ways of stating the same complaint, we shall address them together. By cross-point, Chester Clouse, Jr. complains of the trial court's failure to suppress evidence gained from two subsequent searches of appellee's property.

■■■ In a motion to suppress evidence, the defendant has the initial burden of proving that (1) a search and seizure occurred (2) without a warrant. *Russell v. State,* 717 S.W.2d 7, 9 (Tex.Crim.App.1986). Once that is established by the defendant, the burden shifts to the state. *Id.* at 9. If the state produces evidence of a warrant, the burden of proof is shifted back to the defendant to show the invalidity of the warrant; if the state is unable to produce evidence of a warrant, then it must prove the reasonableness of the search or seizure. *Id.* at 10.

Appellant came under suspicion during the course of a Montgomery County Fire Marshall's Office investigation into the burning of a stolen truck. A confidential informant gave the investigator information which led to the recovery of parts of the truck. That same informant told the investigator that the motor from a stolen vehicle had been placed into a wrecker at A & A Wrecker Service. Two investigators from the Fire Marshall's Office arrived at 936 West Austin Street, Conroe, which was the address of A & A Wrecker Service. One building contained an office and a residence. A separate building contained a garage and an apartment. A hurricane fence surrounded the area. At least eight people, representing the fire marshall, the police department, the constable's office, and the Texas Department of Public Safety, arrived to inspect the premises of a "motor vehicle salvage dealer." Appellant and his two brothers resisted the search and were arrested for interfering with the inspection. The peace officers conducted a thorough search of all of the buildings and surrounding area. This search lead to the discovery and confiscation of the evidence in question. No attempt to obtain a search warrant was made prior to the seizure of the evidence in question.

Appellant argues that there was evidence Clouse was a "motor vehicle salvage dealer," defined by Tex.Rev.Civ.Stat.Ann. art. 6687–2 (Vernon Supp.1992) as an "entity engaged in the business of obtaining abandoned, wrecked, or junked motor vehicles or motor vehicle parts for scrap disposal, resale, repairing, rebuilding, demolition, or other form of salvage." Several junked vehicles were found on the premises; there were engine blocks on the ground; wreckers had been assembled from parts of different vehicles; the Clouses had sold some abandoned vehicles at auction. Article 6687–2(i) provides:

> A motor vehicle salvage dealer or an employee of the dealer shall allow an inspection of the dealer's required inventory records and affidavit bills of sale by a peace officer at any reasonable time. A peace officer may inspect the inventory on the premises of the dealer at any reasonable time in order to verify, check, or audit the records. The dealer or the employee shall allow and shall not interfere with a full and complete inspection by a peace officer of the inventory, premises, and required inventory records and affidavit bills of sale of the dealer.

Appellant argues that since it presented evidence that the premises was operated as a motor vehicle salvage yard, the peace officers had the right to make an inspection. There was a storage facility permit issued for A & A Wrecker Service, but it is undisputed that there was no motor vehicle salvage dealer permit issued for any of the Clouses.

Appellant introduced evidence that there were junked motor vehicles on the premises, that there were component parts on the premises, that the wreckers were rebuilt vehicles assembled from the parts of other vehicles, that appellee crushed parts of a vehicle in order to sell them for scrap, and that some vehicles appellee towed to the storage facility were later sold at auction. Appellee presented evidence that the premises

ises was a licensed motor vehicle storage facility, that some vehicles that were towed to the facility and stored there were junked. On cross-examination, one of the officers testified that appellee did not have a cash register, nor did he have an inventory of used parts stacked and numbered for resale. John Clouse testified that they only stored vehicles and did not have any business related to salvage dealing. William Clouse testified that in the course of operating the business they never tore apart cars or sold car parts or did any rebuilding other than the wreckers they used in their towing operation. Appellee testified that the wreckers were not for resale, but were used in his towing business.

■ Since the motion to suppress was granted, the trial court impliedly found that appellee was not a motor vehicle salvage dealer. At a hearing on a motion to suppress evidence, the trial court, as trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and an appellate court must defer to the trial court's findings of fact absent a clear abuse of discretion. *State v. Carr,* 774 S.W.2d 379, 380 (Tex. App.—Austin 1989, no pet.). The trial court had conflicting evidence of Clouse's status as a motor vehicle salvage dealer. We are unwilling to conclude that the trial court abused its discretion based upon controverted evidence.

■ A warrantless search of the property is unconstitutional, regardless of the resolution of the preponderance of the evidence of the nature of appellee's business, because in the absence of licensure, appellee cannot be said to have impliedly consented to administrative inspection. It cannot be the law that the constitutional protection guaranteed by the Fourth Amendment and Article I § 9 is suspended or nullified by virtue of the particular business or occupation of the individual, or the courts would make short work of their caseloads by declaring that criminals forfeit their constitutional rights by virtue of their criminal activities. This concept may sound attractive to many, but most certainly is not a sound legal principle. It is the act of applying for a license to conduct a particular regulated activity which gives rise to the reduced expectation of privacy which in turn authorizes administrative searches without the benefit of a warrant. *See United States v. Biswell,* 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972), and *Crosby v. State,* 750 S.W.2d 768 (Tex.Crim. App.1987), *cert. denied,* 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988). An individual who has not sought the protection of a license to conduct a regulated activity is vulnerable to prosecution in the event it is illegal to conduct such an activity without a license, but he has not invoked the protection of the regulatory body so as to abandon the expectation of privacy and give implied consent to a warrantless search of the premises.

Appellant argues that whether A & A Wrecker Service was licensed is irrelevant because article 6687–2 contains no licensing requirement. A separate statute, Tex.Rev. Civ.Stat.Ann. art. 2372dd–1 (Vernon Supp. 1992), does provide for an automotive or salvage yard licensing scheme to be established by the commissioners court and adopted through ordinance. The record does not reflect whether such a scheme was in place at the time of the search. In the absence of an administrative regulatory scheme, there can be no administrative regulatory inspection. If the Legislature has not provided for licensing, there can be no implied consent to an administrative inspection and the expectation of privacy protected by the Fourth Amendment necessarily continues undiminished. This is not to say no inspection can be had; an inspection must be made with the consent of one in possession or pursuant to a valid warrant.

■ The record does establish that A & A Wrecker Service was a licensed motor vehicle storage facility. Therefore, we must determine whether the scope of the search was within the scope of inspection allowed by the licensing statute. Tex. Dep't of Licensing & Regulation, 16 Tex.Admin.Code § 79.72(c) (West Supp. Oct. 1, 1991) provides:

All required documentation shall be made available by the licensee, his agent, or his employee for inspection and copying upon request by department personnel, or a certified law enforcement officer within his jurisdiction, during the same hours the vehicle storage facility must ensure that vehicles are available for release to the vehicle owner.

Since the regulatory inspection authorized by the licensing scheme extends only to documentation, the search conducted by the officers in this case was not in furtherance of the regulatory scheme and exceeded the scope of a legitimate search. Indeed, the scope of the search exceeded even that authorized by article 6687-2, in that it included three private residences, a separate garage, and a yard, in addition to the business office, and included wreckers, refrigerators, and a motor home, when the statute provides for inspection of the "inventory on the premises of the dealer ... in order to verify, check, or audit the records." The records were obtained on a date subsequent to the search. One officer admitted there was no salvage inventory on the premises. The trial court could have found that the evidence was obtained through an inspection which exceeded its lawful scope.

 Finally, appellant contends that the inspection was lawful because it was conducted with consent. Before consent to search is deemed effective, the state must prove by clear and convincing evidence that the consent is freely and voluntarily given. *Dickey v. State,* 716 S.W.2d 499, 503 (Tex. Crim.App.1986). The issue of whether consent to a search was in fact voluntarily given or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of the circumstances. *Id.* at 504. A consent to search is invalid if granted only in submission to a claim of lawful authority. *Id.* at 504. Appellee and his two brothers contested the officers' right to conduct a warrantless search and were promptly arrested and taken to jail specifically and solely for impeding the inspection. It is undisputed that actual consent on the part of appellee was lacking. Chester Clouse,

Sr., remained on the grounds while the search proceeded. The trial court could have found from the evidence in the record that the elder Clouse did not freely and voluntarily consent to the search, and we decline to rule, given the evidence in the record, that such a finding amounts to an abuse of discretion.

 Since the trial court is the sole finder of fact at a suppression hearing, this Court is not at liberty to disturb any finding which is supported by the record. *Johnson v. State,* 803 S.W.2d 272, 287 (Tex. Crim.App.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991). Sufficient evidence appears in the record to support the trial court's ruling on the motion to suppress evidence. Accordingly, we find no abuse of discretion. Points of error one and two are overruled and the trial court's order suppressing the evidence is affirmed.

 Chester Clouse, Jr., raises a single cross-point: "The trial court did err in refusing to suppress evidence gained from the second and third searches and seizures." In an appeal by the State under article 44.01, the defendant has no right to an interlocutory appeal. *State v. Garcia,* 823 S.W.2d 793, 799 (Tex.App.—San Antonio 1992, no pet.); *State v. Kost,* 785 S.W.2d 936, 940 (Tex.App.—San Antonio 1990, pet. ref'd). Appellee's cross-point is dismissed for lack of jurisdiction.

AFFIRMED.