The STATE of Texas, Appellant,

v.

Roger Meloy CARTER, Appellee.

No. 09–93–058 CR.

Court of Appeals of Texas, Beaumont.

Submitted March 24, 1994.

Decided Sept. 7, 1994.

Tom Maness, Dist. Atty., Ramon L. Rodriquez Jr., Asst. Dist. Atty., Beaumont, for State.

Rife S. Kimler, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

Appellee, Roger Meloy Carter, was indicted by the Jefferson County Grand Jury for the offense of possession of a controlled substance, to wit: cocaine. Appellee filed a motion to suppress evidence complaining of police officers, Alton Baise and Detective Levy, seizing cocaine from the appellee pursuant to a search of his person without a warrant. The presiding judge of the court below heard the motion and entered an order favorable to the appellee suppressing the evidence seized as a result of the search of appellee, to wit: the cocaine. This is an interlocutory appeal by the State of Texas of the order of the trial court suppressing said evidence.[1] Detective Baise was the only witness called to testify during the course of the hearing. Detective Levy was unavailable, having died prior to said hearing. The appellee tendered no evidence nor called any witnesses. Detective Baise of the Port Arthur Police Department and the Jefferson County Narcotics Task Force testified that on March 27, 1992, at approximately 12:00 noon he received a call from a reliable confidential informant. Baise had used the informant approximately six times in the past and each time had received reliable information from the individual. Past information from the informant had been corroborated by both personal observation by Detective Baise and by cross-referencing information with that of other informants. Information provided six times prior to the occasion in question had always proven to be correct having resulted in the seizure of drugs or contraband and the making of arrests on four of those occasions. Three of those occasions had resulted in the issuance of a search warrant.

The informant related to Detective Baise that two black males were in possession of and selling cocaine to passing motorists near apartment 35 at the Argosy Apartment Complex located in Port Arthur, Jefferson County, Texas. The Argosy Apartment Complex was known to be a high trafficking area for narcotics. The two black males were described as each being of a heavy build, one wearing a black shirt, gray jogging pants, and a black cap, the other being described as wearing a red shirt and blue jogging pants. Baise stated that no names were provided by the informant and that he had no prior information on the two described subjects, although he had received other reliable information from this informant pertaining to other people selling narcotics in the Argosy Apartment Complex.

Following his conversation with the informant, Baise contacted three other police detectives, Sergeant Duriso, Detective Bievenu, and Detective Levy. It took approximately 30 minutes for the three to arrive at the police station to meet with Baise. Baise testified that a magistrate was not contacted to secure a search warrant for the two subjects because it would have taken from two to two and one half hours to receive the information from an informant, prepare an affidavit for a search warrant, secure the presence of a magistrate, and get the warrant issued and executed. By this time, in Baise's opinion, the suspects would not have been at the location where they were reportedly selling cocaine. Baise further stated that given the information that he had received from the confidential informant and what he knew about the apartment complex in question, he would not reasonably expect to have found the suspects there after the passage of this much time.

Upon arrival by the four officers at the Argosy Apartments, they were able to cor-

---

1. See Tex.R.Crim.Proc.Ann. art. 44.01 (Vernon Supp.1994).

roborate the information given by the informant because two black males matching the description of the suspects given by the informant were coming out of apartment 37, which was next door to the location given by the informant, that is apartment 35. The detectives approached the two subjects and detained them.

Baise stated that the detectives identified themselves, informed the subjects that they were being detained because they matched the description of two individuals who were in possession of cocaine. When asked by the State how the subjects responded, Baise replied: "They both advised myself and the other officers that they weren't selling any cocaine and that we could search them." Baise then concentrated on searching one subject, and Detective Levy searched the appellee approximately five yards away from Baise. A search of Carter by Detective Levy produced several rocks of crack cocaine from his left front pants pocket.

In reviewing a ruling on a motion to suppress evidence, we must view the evidence in the light most favorable to the trial court's ruling. *State v. Gilliam*, 832 S.W.2d 119, 121 (Tex.App.—Houston [14th Dist.] 1992, no pet.). It must be also recognized that the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses as well as the weight to be given their testimony at a hearing on a motion to suppress. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). On appeal, the reviewing court does not engage in its own factual review[2] but decides whether the trial judge's fact findings are supported by the record. *Id.* If the trial court's findings of fact are supported by the record, an appellate court is not at liberty to disturb them, and on appellate review, we address only the question of whether the trial court improperly applied the law to the facts. *Id.*

In search matters there is a constitutional preference for a warrant issued by a magistrate. *Eisenhauer v. State*, 678 S.W.2d 947 (Tex.Crim.App.1984). Our Court of

Criminal Appeals recognized in *Eisenhauer* that the standard to be applied to warrantless searches is the "totality of circumstances" test as enunciated in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Eisenhauer*, 678 S.W.2d at 952. This case effectively overrules the more stringent two pronged test set forth in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). A warrantless search is per se unreasonable subject to certain exceptions including (1) consent, (2) incident to a lawful arrest, (3) with probable cause to search but with exigent circumstances, (4) in hot pursuit, and (5) stop and frisk. *Cardenas v. State*, 857 S.W.2d 707 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). In the case before us the State alleges exigent circumstances, the burden is on the State to show sufficient facts to justify the action. *See Russell v. State*, 717 S.W.2d 7 (Tex.Crim.App.1986). The State must show the existence of probable cause at the time of the search and the existence of circumstances which made procuring a warrant impracticable. *Crane v. State*, 786 S.W.2d 338 (Tex.Crim.App.1990).

The informant's veracity, reliability, and his basis of knowledge remain highly relevant in determining the value of the informant's report, but it is the totality of circumstances and not the reliance upon individual criteria of *Aguilar* that determines whether probable cause exists for a warrantless search. *Saenz v. State*, 670 S.W.2d 667 (Tex.App.—Corpus Christi 1984, pet. ref'd). Information from an informant whom the police officer considers reliable is a specific and articulable circumstance justifying investigation. *Saenz*, 670 S.W.2d at 671.

In the case of *Gomez v. State*, 698 S.W.2d 486 (Tex.App.—Corpus Christi 1985, no pet.), a warrantless search was given approval where police officers had accurate information from a reliable informer that a particular person was selling heroin at a particular place and the informant gave a reasonably accurate description of the clothing worn by the defendant. That court also held that

**2.** Except in very narrow circumstances. *See Meraz v. State*, 785 S.W.2d 146 (Tex.Crim.App. 1990).

where the reliability of the informer is shown and the description is detailed and accurate, then probable cause exists. In *Gomez,* arresting officers acted solely on the information provided by a confidential informant who told one of the officers that Jesse Gomez was in a certain block of a certain street and was selling cocaine. He described the clothing of the suspect with particularity. Both arresting officers testified they were familiar with the informant and the defendant. While in route to the address the informant had given, the defendant was seen four blocks away wearing substantially the same clothing described by the informant. He was placed under arrest and the court held probable cause to have existed.

■■■ Any discussion of a warrantless search and seizure would not be complete without recognition of *Illinois v. Gates.* In *Gates,* the arresting officers acted on an anonymous letter with details of an imminent transaction which was corroborated by the officers in an independent investigation. The court in *Gates* held that an informant's veracity, reliability, and basis of knowledge are all relevant in determining the value of the informant's report in showing probable cause but these elements are not entirely separate and independent requirements to be rigidly exacted in every case. They should be understood as closely intertwined issues that may usefully illuminate the common sense, practical question as to whether under the totality of the circumstances, there is probable cause to believe that contraband or evidence is located in a particular place. *Gates,* 462 U.S. at 230, 103 S.Ct. at 2328, 76 L.Ed.2d at 543. We should therefore take a practical common sense approach to examine all the circumstances set forth in the affidavit, including veracity and basis of knowledge, to determine if there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548.

■■■ In the case before us, the information given to Detective Baise came from a reliable informant who had provided correct information in the past and had described the suspects in sufficient detail to allow for immediate identification upon first contact with them in the Argosy Apartment Complex. The location given by the informant was in close proximity to where the suspects were located. We also note that the Argosy Apartment Complex was a high crime area known for drug trafficking. The detectives were required to act quickly because the contraband described was being sold and disposed of as time passed. The detective in his experience knew that procuring a search warrant would take at least two to two and one half hours to obtain and there was no reasonable expectation that the suspects would be at the location described with that great expiration of time. We find that the exigent circumstances requiring suspension of the need for a search warrant was satisfied.

We further find that the testimony of Detective Baise is uncontradicted on all points because he was the only witness who testified at the suppression hearing.

■■■ The trial court made no written findings of fact. We previously stated that a trial court's findings of fact, if supported by the record, shall not be disturbed on appeal. This should not and does not imply that where a trial court makes no findings of fact, but only legal conclusions, those conclusions will receive appellate support where same obviously disregard uncontradicted evidence.

■■■ The trial court must look to the reasonableness of the officers' activities in light of all the circumstances surrounding the questioned activity in reviewing the legality of a seizure. *Higbie v. State,* 780 S.W.2d 228 (Tex.Crim.App.1989). Under the Fourth Amendment the determination of reasonableness of a seizure is a conclusion of law. *United States v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). Conclusions of law are always reviewable by an appellate court, thus, our focus is on whether there was probable cause to conduct a particular seizure or search. It is apparent to this Court that the trial court either totally rejected or else totally overlooked the evidence regarding the informant's reliability. It is this unimpeached uncontradicted evidence of reliability that makes all "totality of circumstances" connect. We hold that the trial

court's disregard of this pertinent and unchallenged evidence constitutes an abuse of discretion and that probable cause did exist for the detention and search of appellee. *Higbie*, 780 S.W.2d at 230. We find that probable cause existed for the detention and search of the appellee by the officers and that they acted in a reasonable manner at all times pertinent.

We reverse the trial court's order suppressing the evidence and we remand this cause back to the trial court for further proceedings.

**REVERSED AND REMANDED.**

BURGESS, Justice, dissenting.

I respectfully dissent. The testimony presented by Officer Baise revealed neither probable cause nor exigent circumstances.

While it is true that *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) adopted the totality of the circumstances test, it was only a rigid adherence to the two-pronged test of *Aguilar*[1] that was abandoned; the elements of the *Aguilar* test remain highly relevant. 462 U.S. at 230, 103 S.Ct. at 2327–28, 76 L.Ed.2d at 543. The missing element in the probable cause equation is the basis of knowledge of the informant. Officer Baise gave no evidence concerning this. Did the informant see the drugs being sold or was the informant told this by a third person? If so, did that person see the transactions or was that person told of them? If so, what factors indicate the reliability of the third person or the fourth person? The "basis of knowledge" prong is there to determine if the information is based upon fact rather than mere rumor or suspicion. If the informant gave Officer Baise such information, it was not presented to the trial judge. The trial judge was correct in determining the state failed to show probable cause to search.

If Officer Baise was correct in his assumption that it would have taken in excess of two hours to secure a search warrant, then the exigent circumstances exception would be plausible. However, there is no evidence any effort was made to contact a magistrate. There is no evidence it would, *in fact*, have taken that long to secure the warrant. The trial judge was correct in determining the state failed to show exigent circumstances to excuse obtaining a search warrant.

No judge relishes suppressing evidence. That judge is subjected to the criticism of "letting a guilty criminal go free" because of a technicality. In fact, many more motions to suppress are overruled than are granted. When a judge grants a motion to suppress, we should treat that the same as a jury verdict and review it in the light most favorable to the judge's ruling. I question whether that standard is being applied in these appeals.[2] I would affirm the trial court.

---

1. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

2. Since the advent of TEX.CODE CRIM.PROC ANN. art. 44.01, § a(5) (Vernon Supp.1994), we have reversed four times, *State v. James*, 848 S.W.2d 258 (Tex.App.—Beaumont 1993, no pet.); *State v. Como*, 821 S.W.2d 742 (Tex.App.—Beaumont 1992, pet. ref'd); *State v. Hammitt*, 825 S.W.2d 131 (Tex.App.—Beaumont 1992, pet. ref'd); *State v. Vasquez*, 842 S.W.2d 841 (Tex.App.—Beaumont 1992, pet. ref'd); and affirmed once, *State v. Clouse*, 839 S.W.2d 459 (Tex.App.—Beaumont 1992, no pet.).