**Affirmed and Memorandum Opinion filed July 9, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00424-CR
## NO. 14-12-00425-CR

## GARY WAYNE BRYAN, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 356th District Court
Hardin County, Texas
Trial Court Cause Nos. 19201, 19537**

## M E M O R A N D U M   O P I N I O N

Appellant, Gary Wayne Bryan, appeals the trial court's adjudication of guilt for two offenses. In one case, appellant was indicted for attempted burglary of a habitation. In the other case, appellant waived his right to an indictment and was charged by information with burglary of a habitation. Pursuant to a plea bargain, appellant pleaded "guilty" to each offense. The trial court placed him on ten years' deferred-adjudication community supervision for each offense. The State

subsequently moved to adjudicate guilt for each offense on the ground appellant violated multiple conditions of his community supervision. Appellant pleaded "true" to one allegation in each motion, and the State abandoned the remaining allegations. The trial court adjudicated appellant's guilt for each offense. The trial court sentenced appellant to ten years' confinement for attempted burglary of a habitation and thirty years' confinement for burglary of a habitation—the sentences to run concurrently. We affirm.

## ANALYSIS

Appellant has filed a separate appellate brief relative to each offense. In both cases, appellant presents a single issue, contending the trial court lacked jurisdiction to adjudicate guilt because the charging instruments to which he pleaded guilty were, respectively, void and "fatally defective." The State contends the charging instruments were sufficient to invoke the trial court's jurisdiction and appellant waived his right to complain about alleged defects in the instruments by failing to object before pleading guilty. The State also contends appellant was required to raise his complaints on appeal, if any, from the trial court's initial order imposing community supervision and may not now raise them on appeal from the trial court's adjudication of guilt. We agree with both of the State's contentions.

Before 1985, failure to object to a defect of form in a charging instrument waived error on appeal, but failure to object to a defect of substance did not waive error on appeal. *Teal v. State*, 230 S.W.3d 172, 175 (Tex. Crim. App. 2007). The reasoning was that a charging instrument which contained a substantive defect was "void" and thus insufficient to invoke the court's jurisdiction. *Id.*

In 1985, the Texas Constitution was amended to provide,

An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An

2

> information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

Tex. Const. art. V, § 12(b); *see Teal*, 230 S.W.3d at 176. In conjunction with the constitutional amendment, the Legislature amended Texas Code of Criminal Procedure article 1.14(b) to provide, in pertinent part:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005); *see Teal*, 230 S.W.3d at 176.

In light of the constitutional and statutory amendments, an indictment or information "charging a person with committing an offense, once presented, invoke[s] the jurisdiction of the trial court and jurisdiction is no longer contingent on whether the indictment contains defects of form or substance." *Teal*, 230 S.W.3d at 177. If a charging instrument meets the constitutional requirements, a defendant who fails to object pretrial to a defect of form or substance in the instrument waives the right to complain about the defect in any post-conviction proceeding. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b); *Teal*, 230 S.W.3d at 177.

Also relevant to this appeal is the authority holding that a defendant placed on deferred-adjudication community supervision may raise issues relating to the original plea proceeding only on appeal from the order imposing community supervision and may not raise the issues on appeal from the revocation of community supervision. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App.

2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). There is a "void judgment" exception to this rule. *See Nix*, 65 S.W.3d at 667. An error or defect at the original plea proceeding that renders the subsequent judgment of conviction void may be raised for the first time after adjudication and sentencing. *Id.* at 667–68. The rationale is that, if the original judgment imposing probation was void, the trial court would have no authority to revoke probation because there is nothing to revoke. *Id.* One of the rare situations in which the subsequent judgment of conviction is void is when the purported charging instrument does not satisfy the constitutional requisites of a charging instrument and thus the trial court has no jurisdiction over the defendant. *Id.* at 668.

Consequently, if the alleged defects in the indictments do not show a lack of jurisdiction, we must conclude appellant waived the complaints by not raising them at an earlier point. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b); *Teal*, 230 S.W.3d at 177. To make this determination, we will address separately the charging instrument for each offense because appellant's complaint is different for each instrument.

### *Attempted Burglary of a Habitation*

Appellant suggests the indictment for attempted burglary of a habitation was void because it did not allege an offense. When evaluating whether an indictment alleges an offense, the critical determination is whether the trial court and the defendant can identify what penal-code provision is alleged and whether the provision vests the trial court with jurisdiction. *Kirkpatrick v. State*, 279 S.W.3d 324, 328 (Tex. Crim. App. 2009) (citing *Teal*, 230 S.W.3d at 180). If that test is satisfied, the instrument charges the commission of an offense, even if the instrument fails to allege an element of the offense or contains additional information indicating the defendant is innocent. *See Teal*, 230 S.W.3d at 181–82.

4

We consider the indictment as a whole, not just its specific formal requisites, when determining whether it alleges an offense. *Kirkpatrick*, 279 S.W.3d at 328 (citing *Teal*, 230 S.W.3d at 180).

A person commits burglary "if, without the effective consent of the owner, the person . . . enters a habitation . . . with intent to commit a felony . . . ." Tex. Penal Code Ann. § 30.02(a)(1) (West 2011). With respect to criminal attempt, "A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." *Id.* § 15.01(a) (West 2011).

The following is written on the caption of the indictment:

**OFFENSE: Attempted Burg. Habitation**
**30.02        3rd degree**

The body of the indictment alleged appellant:

heretofore **on or about September 16, 2007**, in Hardin County, Texas; did;

then and there, with the specific intent to commit the offense of murder of Christal Bryan do an act, to-wit: went to the residence armed with a handgun, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended. . . .

Appellant complains the instrument did not allege an offense, or at least a felony offense, because it did not identify the "manner and means of how the Appellant committed the burglary, which is by entering a habitation without the effective consent of the owner." However, appellant was not charged with burglary of a habitation. Rather, appellant was charged with attempted burglary of a habitation—hence, the allegation appellant "went to the residence . . . which amounted to more than mere preparation that tended but failed to effect the

5

commission of the offense intended." Assuming, without deciding, lack of language more specifically alleging appellant "attempted to enter the residence without the effective consent of the owner" (or similar) constituted a defect, the defect was merely an inadequate description of an element of the offense. The instrument clearly alleged attempted burglary of a habitation, despite any such defect, based on the caption and the allegations in the body of the instrument. Moreover, any such defect did not preclude the instrument from alleging a felony because attempted burglary of a habitation is necessarily a second or third degree felony and the caption stated "3rd degree." *See id.* § 30.02(c)–(d) (providing burglary of a habitation is a first or second degree felony, depending on circumstances of the offense); § 15.01(d) (providing a criminal attempt offense is one category lower than the offense attempted). Consequently, the trial court and appellant could determine the instrument charged the third degree felony offense of attempted burglary of a habitation—an offense within the trial court's jurisdiction. Accordingly, the instrument constituted an indictment under the constitutional requisites.

### *Burglary of a Habitation*

Appellant does not argue the information for burglary of a habitation failed to charge him with an offense. Instead, appellant's sole complaint is the instrument was "fatally defective" because the State omitted the phrase "Against the peace and dignity of the State" at the conclusion of the instrument. Appellant cites the former version of Article V, Section 12 of the Texas Constitution, which prescribed the contents of an indictment or information, including the above-cited phrase. *See* Tex. Const. art. V, § 12(b) (amended 1985). Appellant also cites pre-1985-amendment authority holding omission of the phrase rendered a charging instrument "fatally defective" and mandated reversal of a conviction even when the

6

defendant failed to object in the trial court.  *See, e.,g.*, *Ex parte Warnell*, 606 S.W.2d 923, 923 (Tex. Crim. App. 1980); *Saenz v. State*, 670 S.W.2d 667, 669 (Tex. App.—Corpus Christi 1984, pet. ref'd).

However, under the 1985 amendment, the constitutional provision no longer prescribes the contents of an indictment or information.  *See* Tex. Const. art. V, § 12(b).  Instead, as discussed above, the current provision requires only that the instrument "charg[e] a person with the commission of an offense" to invoke the trial court's jurisdiction and relegates the requisite contents of such instrument to statute.  *See id.*  The requirement that an information include the above-cited phrase is now prescribed by statute.  *See* Tex. Code Crim. Proc. Ann. art. 21.21 (West 2009).  Therefore, in light of the 1985 amendment, omission of that phrase in the present case was merely a substantive defect which did not preclude the instrument from constituting an information under the constitutional requisites.

Because the charging instruments satisfied the constitutional requisites and were not void, the trial court had jurisdiction to adjudicate guilt for each offense. The State correctly argues that appellant waived his right to complain about the alleged defects in the indictments in any post-conviction proceeding by failing to object before pleading guilty.  *See id.* 1.14(b); *Teal*, 230 S.W.3d at 177.  Moreover, irrespective of whether appellant objected, he was required to raise his complaints on appeal, if any, from the initial order imposing deferred-adjudication community supervision and may not raise them on appeal from the trial court's adjudication of guilt.  *See Nix*, 65 S.W.3d at 667–68; *Manuel*, 994 S.W.2d at 661–62.

Accordingly, we overrule appellant's sole issue in each case and affirm both of the trial court's judgments adjudicating guilt.


/s/      John Donovan
          Justice

Panel consists of Justices Frost, Brown, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).