**Monty JORDAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45995.**

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Rehearing Denied Dec. 6, 1972.

Michael L. Morrow, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The appellant entered a plea of guilty before the court on October 29, 1971, and was adjudged guilty of the offense of dispensing marihuana. The punishment was assessed at ten years imprisonment. Imposition of the sentence was suspended and the appellant was placed on probation.

On April 13, 1972, the court heard the State's motion to revoke probation and found that the appellant had violated a condition of his probation that he would "commit no offense against the laws of this or any other state . . ." by possessing marihuana. An order revoking probation was entered and the appellant was sentenced.

The appellant contends that "The trial judge abused his discretion in revoking appellant's probation without scientific proof that the residue found on the appellant was in fact marihuana." A police officer, qualified as an expert without objection, stated that the substance found in possession of the appellant and offered in evidence was marihuana. This was sufficient proof that the appellant possessed marihuana to sustain a finding of the trial court. Miller v. State, 168 Tex. Cr.R. 570, 330 S.W.2d 466 (1959); and cf. Boothe v. State, 474 S.W.2d 219 (Tex. Cr.App.1971); Satery v. State, 455 S.W. 2d 294 (Tex.Cr.App.1970); Alcala v. State, 163 Tex.Cr.R. 453, 293 S.W.2d 645 (1956). The appellant urges us to overrule Miller v. State, supra, and the line of cases on which it is based. We decline to do so and reaffirm our prior holdings.

The last contention urges that the arrest and search of appellant was unlawful in that no probable cause existed for his warrantless arrest and search incident thereto.

Appellant did not make such an objection at the time of trial and raises it for the first time on appeal. Objections to an arrest and subsequent search must be made in the trial court and cannot be asserted for the first time on appeal. Calhoun v. State, 466 S.W.2d 304 (Tex.Cr.App.1971) and Ansley v. State, 468 S.W.2d 862 (Tex. Cr.App.1971) and the cases cited therein.

The court did not abuse its discretion in revoking probation and the judgment is affirmed.

Opinion approved by the Court.