**Charles Edward MORGAN, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46831.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Rehearing Denied Jan. 9, 1974.

Marshal W. Dooley, Dallas, for appellant.

Henry Wade, Dist. Atty., and John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of rape. Punishment was assessed by the court at ninety-nine years.

The sufficiency of the evidence is not challenged.

■ Appellant initially contends that the conviction should be reversed and the cause dismissed because he has been denied a speedy trial.

The record reflects that the appellant was indicted on September 29, 1967. He

was convicted and sentenced to ninety-nine years' imprisonment on February 28, 1968. His notice of appeal was withdrawn and his motion for new trial was granted on December 3, 1968. The appellant's second trial began March 21, 1972, resulting in the return of a verdict of guilty.

"Four factors are generally considered in analyzing an alleged violation of an accused's right to a speedy trial: 'length of the delay, reason for the delay, prejudice to the defendant and whether or not there has been a waiver by the accused.'" Courtney v. State, Tex.Cr.App., 472 S.W. 2d 151. See George v. State, Tex.Cr.App., 498 S.W.2d 202; McCarty v. State, Tex. Cr.App., 498 S.W.2d 212; Haas v. State, Tex.Cr.App., 498 S.W.2d 206; Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L. Ed.2d 101 (1972), and United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L. Ed.2d 468 (1971).

As to the reason for the delay, there are entries on the docket sheet stating "passed," "passed generally by agreement," and two entries "passed for appellant." No other reason is shown. It does appear, however, that some of the delay was caused because attorneys appointed to represent appellant had withdrawn on three occasions. The reasons for these withdrawals do not appear in the record.

The record is silent as to any request or demand by the appellant for a speedy trial.

Further, there is no showing that the appellant was prejudiced by the delay or that the State intentionally sought to prejudice the appellant.

The appellant argues that he was prejudiced by the delay because an important witness, Detective Blessing, could not be produced for the trial and his testimony was relevant to the most important issues in the case.

There is no showing as to what Detective Blessing would have testified. Appellant did not attempt to have Detective Blessing's testimony from his first trial transcribed for use in his second trial.

Next, appellant contends that his written confession was not admissible as it was obtained as a result of an illegal detention.

The record shows that within two hours after his arrest the appellant was taken before a magistrate. The appellant stated that he did not wish to have counsel at the time. Before the appellant's confession was taken, Detective Anderton again warned appellant of his rights and asked him if he understood everything the magistrate had said. The appellant acknowledged that he did and again stated that he did not wish to have an attorney appointed. He also stated that he wanted to make a statement concerning the offense.

■ A confession otherwise shown to have been voluntary is not rendered inadmissible by the fact that its author was under arrest or in custody at the time, even though the arrest may have been under invalid process or without any process or legal right. Lacefield v. State, Tex.Cr. App., 412 S.W.2d 906.

Appellant's second ground of error is overruled.

Lastly, appellant contends that the trial court erred when it failed to charge the jury on the voluntariness of appellant's confession.

■ The appellant did not testify concerning the voluntariness of the confession in the presence of the jury. In fact, appellant denied that he had signed the confession and that he only signed a blank piece of paper. No witness was called by him, and no evidence before the jury raised the issue of voluntariness. The court did not err in refusing the charge. Flanagan v. State, Tex.Cr.App., 465 S.W.2d 755.

No reversible error being shown, the judgment is affirmed.