Alejandro CASAREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 47345.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Thomas Rocha, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Fred Rodriguez and Richard D. Woods, Asst. Dist. Attys.,

**848**

San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of burglary of a private residence at night. He was sentenced to 12 years' imprisonment.

The evidence shows that on February 27, 1972, at about 5:30 a. m., two San Antonio police officers received a radio dispatch to investigate a report of prowlers at a residence in the city. Upon arriving at the reported address, the officers talked with a woman who told them that a short, dark man wearing glasses and a light colored shirt had been attempting to enter her window. When she confronted the man, he ran toward the back of her house. While talking with the woman, the officers observed a black 1947 Chevrolet parked near her house. In response to their inquiries about the car, the woman stated that the car did not belong to anyone in the area. One of the officers walked toward the car and the other walked in the direction in which the man had fled. When the first officer, Noyola, approached the car, he observed a small record player resting in the seat. He testified that he had opened he car door to examine the record player when he heard a noise. He turned and observed the other officer, Aguilera, struggling with a man near the house. As Noyola approached them, the appellant in this case stated: "What are you doing in my car?"

Aguilera stated that he encountered appellant running around the corner of the building. Officer Aguilera apprehended the appellant and handcuffed him to prevent his running away. At this time he was barefoot, wearing glasses and a light shirt. Both officers testified that appellant was merely being temporarily detained until they could determine what he was doing

there. When the officers asked appellant about his actions, he stated that he had just left his girlfriend's house and that he had to run out the back because her husband had returned home. In an attempt to determine the truth of this statement the officers took appellant to the house where his girlfriend supposedly resided; however, the woman there denied knowing appellant.

At this point, Mr. Solis, the complaining witness, ran up to the officers and told them someone had been in his house. When asked if he could describe the intruder, Solis stated: "Yes . . . this person right here next to you." The officers then placed the appellant under arrest.

Solis was then asked if he was missing any property. He responded that he had not checked. Officer Noyola then asked if he owned a small record player and Solis responded that he did own a small blue record player. The officers took Solis to the car at which point he identified the record player and stated that it had his name on the handle. The officers removed the record player from the car and confirmed this.

Appellant's first two grounds of error relate to the search of the vehicle and the admission into evidence of the record player.

■ Appellant contends that the "search" in this case cannot be upheld as incident to a valid arrest. However, we find that no search incident to arrest occurred here. As the appellant ably explains in his brief, the search incident to arrest is reasonably limited to a search of the arrestee's person and the area within his immediate control. See Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685 (1969); and Simpson v. State, 486 S.W.2d 807 (Tex.Cr.App.1972). See also United States v. Robinson, —— U.S. ——, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). Such a fact situation is not before us. In this case, the evidence was first encountered before the officers found the appellant.

 When Noyola first approached the automobile, the circumstances were sufficient to justify his inspection of it. At this time, the record player was in plain view on the seat. This Court has repeatedly held that, when an officer is at a place where he has a legal right to be and encounters evidence in plain view, that evidence is not obtained as the result of a search. See Holman v. State, 474 S.W.2d 247 (Tex.Cr.App.1972) and cases there cited.

The record reflects that although Officer Noyola opened the door of the car in order to examine the record player more closely, he did not have an opportunity to do so because at that point he went to the assistance of Aguilera who had found the appellant. The record also reflects that, under the circumstances, the officers were justified in detaining the appellant in order to investigate his presence and activities. See Art. 14.03, Vernon's Ann.C.C.P.; Brown v. State, 481 S.W.2d 106 (Tex.Cr. App.1970). When Solis identified the appellant as the person he had seen in his house, the officers had probable cause to believe that a felony had been committed and were justified in placing the appellant under arrest. See Chivers v. State, 481 S. W.2d 125 (Tex.Cr.App.1972). With regard to the subsequent return to the automobile and the removal therefrom of the record player, as we have noted, this device was in plain view and was not obtained as a result of a search. See Holman v. State, supra. Additionally, after Solis identified the record player as his property, the officers had the right to seize it in order to prevent the consequences of theft. See Art. 18.22, V.A.C.C.P., and Buntion v. State, 476 S.W.2d 317 (Tex.Cr. App.1972).

 Appellant's third ground of error urges that the court erred in refusing to grant his requested charge on circumstantial evidence. Appellant filed no written objections to the court's charge, but did preserve his alleged error by properly filing his requested charge. See Art. 36.15, V.A.C.C.P. It is appellant's contention that he was entitled to the charge for the reason that no one saw him actually enter the Solis home.

However, as appellant's brief indicates, Solis saw the appellant in his home and chased him out the front door.

This Court has often held adversely to appellant's contention:

"Where the undisputed facts show that a burglary was committed and the appellant was found on the inside of the burglarized house, although there is no positive evidence that the appellant actually did the breaking, it is not error to refuse to submit a circumstantial evidence charge." See Bircher v. State, 491 S. W.2d 443 at p. 445 (Tex.Cr.App.1973), and cases there cited; also see Shelby v. State, 479 S.W.2d 31 (Tex.Cr.App.1972).

The judgment is affirmed.