**Floyd G. MANN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50342.**

Court of Criminal Appeals of Texas.

July 23, 1975.

Richard F. Halter and Patrick A. Cullen, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gus E. Wilcox, John W. Harris, Jr., and Alan E. Battaglia, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of robbery. See V.T.C.A. Penal Code, Sec. 29.02. Punishment was assessed by the court at 16 years.

Considering the evidence in the light most favorable to the conviction, the record reflects the following:

During the early morning hours of March 3, 1974, in San Antonio, John H. Carter was robbed by appellant and two others. Carter's 1963 model cream colored four door Chevrolet car and some money were taken. On March 6, 1974, appellant and the other two men were arrested in or near Morgan City, Louisiana, in possession of Carter's car. A confession executed by appellant was introduced.

The sufficiency of the evidence is not challenged.

Appellant in two grounds of error contends that the court erred in admitting in evidence over objections appellant's written confession and a checkbook taken from appellant because these items were the fruits of an illegal arrest and detention.

On June 25, 1974, the same day that this case went to trial, a hearing was conducted by the court on appellant's motion to suppress evidence to determine the admissibility of the confession. Donald Price and Jay Morell, two police officers from Morgan City, Louisiana, and appellant testified. The record of such hearing reflects the following:

About midnight on March 5, 1974, or shortly thereafter in the morning of March 6, the police department of Morgan City received a phone call from two hitchhikers to the effect that while they were riding with three men in a 1963 four door white Chevrolet they overheard the men saying that they were going to burglarize "a place in town." Officers Price and Broussard went out to find the car and the men and investigate the report. About 1:00 o'clock A.M., they saw a 1963 white four door Chevrolet parked at an intersection with three men, one being appellant, assisting another man whose van had "broken down." This man called to the officers,

asking if they would take him to work. Price and Broussard went to the men, and asked to whom the car belonged and who had been driving it. Appellant gave his name as John Carter, and stated it was his car, and he was the driver. Price asked to see his driver's license and the car registration papers. Appellant handed Price his driver's license, made out to John Carter, and took some papers from the panel pocket, handing them to Price. Among these papers were a car insurance policy listing Esta Carter as the owner and a check on a San Antonio bank for $100.00 payable to John Carter and signed "Esta S. Carter," which check was numbered 599. A checkbook with blank checks, the first being No. 600, was also in the papers. Officer Price became suspicious when he noted that, although appellant had told him that his wife had mailed him this check, No. 599, he had the checkbook, and that the next check was 600, and also because appellant had told him the car belonged to him, although the insurance policy was in the name of Esta Carter. Because of these facts, and the similarity of the Chevrolet and the men to the report of the hitchhikers, the officers asked the men if they would accompany the officers to the police station. The men agreed to go, and went in their car, with a police car ahead and another behind them.

At the station, the Miranda[1] warning was read to appellant and he executed a waiver of his rights of counsel and silence. Detective Morell took over the investigation. Appellant testified that he asked Morell "to call San Antonio, call my wife, as I was still pretending I was John Carter at the time. And I asked them to call San Antonio, call my wife and find out; and so I could get on out, you know. So he called."

Morell testified that he called the San Antonio Police Department and gave them the information about the check and car. About 20 minutes later, Detective Mencha-

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The warning and waiver are included in the record.

ca of San Antonio called back, telling Morell: "I don't know who you have there, but I have Mr. John Carter sitting here on the side of me in San Antonio." Morell testified further:

"Well, when I hung up the phone, I turned to Donald Price and told him that Menchaca had just told me that John Carter was in San Antonio, that he didn't know who we had here; and then Mr. Mann (appellant) advised me that 'Okay, I'll tell you what happened.'"

Appellant then revealed his true name, and proceeded to give his confession, which was transcribed, read over by him and, signed and witnessed.

Appellant's sole complaint is that the confession was the "product of an illegal arrest" in that it was "the 'fruits' of evidence discovered during an arrest without warrant and without probable cause," and also that it was the "fruits" of custodial interrogation conducted without adequate warning of his rights. For such reasons, appellant contends that the court committed reversible error in permitting in evidence the checkbook and the confession.

The contentions are without merit.

■ The anonymous telephone call did not constitute probable cause for an arrest or a search of appellant or his car. However, circumstances falling short of probable cause for an arrest may justify temporary detention for purposes of investigation, since an investigation is considered to be a lesser intrusion upon the personal security of an individual than is an arrest. See Hernandez v. State, Tex.Cr.App., 523 S.W.2d 410; Brown v. State, Tex.Cr.App., 481 S.W.2d 106 (f. n., page 110), citing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; Baity v. State, Tex.Cr.App., 455 S.W.2d 305. See also Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917.

Officers Price and Broussard, upon receiving the anonymous call, were justified in initiating an investigation by proceeding to hunt for a car and occupants fitting the description given over the phone. See George v. State, Tex.Cr.App., 509 S.W.2d 347; Onofre v. State, Tex.Cr.App., 474 S.W.2d 699; Moses v. State, Tex.Cr.App., 464 S.W.2d 116; Baity v. State, supra. Upon locating a car fitting the description given them, with three men helping another whose vehicle had broken down, proper police work called for them to continue their investigation. The officers were called to the car by the driver of the injured vehicle, who sought a ride to work. Officer Price testified that the officers did not search the car; the identification papers were voluntarily handed to him by appellant, who was not at the time under arrest. The remainder of the officers' proceedings, as summarized above, was proper police work under the circumstances. See Terry v. Ohio, supra; George v. State, supra; Brown v. State, supra; Baity v. State, supra; Onofre v. State, supra; Moses v. State, supra.

■ Under the circumstances developed in the record, the officers had probable cause to detain appellant during this investigation. A confession otherwise shown to be voluntary is not rendered inadmissible by the fact that the accused is in custody at the time. Simmons v. State, Tex.Cr.App., 504 S.W.2d 465, 471; Morgan v. State, Tex. Cr.App., 502 S.W.2d 722; Murray v. State, Tex.Cr.App., 505 S.W.2d 589. The record reflects and the trial court found that appellant had been properly advised of his rights, and that he had voluntarily and knowingly waived those rights prior to making his written confession.

The court did not err in admitting the confession and checkbook in evidence.

The judgment is affirmed.

Opinion approved by the Court.