Robert LEIGHTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 51782.

Court of Criminal Appeals of Texas.

Oct. 20, 1976.

On Rehearing Dec. 8, 1976.

Frank Maloney and Philip A. Nelson, Jr., Austin, for appellant.

Louis M. Crump, Dist. Atty., San Saba, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GUPTON, Judge.

The offense is unlawful possession of a narcotic drug, marihuana; the punishment, assessed under the Controlled Substances Act, $100.00 fine.

The case was tried without the intervention of a jury. In his sole ground of error appellant contends his arrest and the search of his vehicle were illegal and the fruits of the search were inadmissible under Art. 38.23, V.A.C.C.P.

The State's only witness, Deputy Sheriff Bruce, testified he received a call on July 12, 1973, from Mr. Kinkaid concerning a possible burglary of a home in Sunrise Beach. Bruce investigated the report, but could find no signs of forced entry into the residence in question. Bruce and Kinkaid were unable to establish that anything was missing from the house, but Bruce stated he had never before been in the house.

Bruce and Kinkaid returned to the patrol car approximately 50 yards from the house and they saw a white Fiat drive by. Kinkaid told Bruce he believed the car was one of the vehicles that had been at the house in question. Bruce pursued the car, which pulled over to the side of the road. As Bruce approached the car, he smelled what he believed to be the odor of marihuana coming from the vehicle. He asked the driver, appellant, to get out and produce his driver's license. As appellant stepped from the vehicle, Bruce saw what he believed to be marihuana on the seat of the car on the driver's side. Bruce asked appellant to sign a permission to search form and appellant asked what Bruce would do if appellant did not sign. Bruce replied he did not need it and proceeded to search the vehicle.

Bruce's expertise in recognizing marihuana was established, and he stated what he found in the driver's seat was about .05 of a gram of ground up marihuana. See *Jordan v. State,* Tex.Cr.App., 486 S.W.2d 784. This substance was not introduced into evidence. The search of the vehicle also revealed one brown case, two baggies and two vials containing plant substance which were discovered in a carrying case found on the back floorboard. Bruce searched this part of the car because he noticed the passenger reach into the back seat when he stopped the vehicle. The sufficiency of the evidence is not challenged.

The report from Kinkaid concerning a possible burglary did not constitute probable cause for appellant's arrest. However, circumstances which do not constitute probable cause for arrest may justify a lesser intrusion upon the personal security of an individual, such as temporary detention for purposes of investigation. *Mann v. State,* Tex.Cr.App., 525 S.W.2d 174. An officer may have specific and articulable facts which, in the light of his experience and general knowledge, reasonably warrant such a stop. *Thompson v. State,* Tex.Cr. App., 533 S.W.2d 825.

Bruce testified at the time he stopped appellant he had been a deputy sheriff in Llano County for approximately two months. He had been a law enforcement officer since September 1970, serving with the Brownwood Police Department for 19 months and then as deputy sheriff in the Brown County Sheriff's Department for 15 months.

Bruce stated he stopped appellant as part of the investigation of the suspected burglary reported by Kinkaid. Kinkaid told Bruce he thought he had seen people go into the house he was watching while the owners were away. As appellant drove by, Kinkaid told Bruce he believed he had seen appellant's car at the house. Bruce testified this occurred at 7:00 or 7:30 p. m., during daylight hours. Although there is

nothing in the record to indicate when Kinkaid observed activity at the house, it would appear Kinkaid's observations and report to the police occurred immediately prior to Bruce's arrival at the scene. Appellant's car was identified by Kinkaid a short time thereafter. Bruce's brief detention of appellant in order to determine his identity or to maintain status quo momentarily while obtaining more information was reasonable under the circumstances here presented. What Bruce saw in open view during this detention was not the fruit of a search and Bruce's testimony concerning the marihuana was admissible. *Long v. State,* Tex.Cr. App., 532 S.W.2d 591; *Hunnicutt v. State,* Tex.Cr.App., 531 S.W.2d 618.

Finding no reversible error, we affirm the judgment.

ODOM, Judge (dissenting).

I dissent to the affirmance of this conviction.

The issue before the Court, as urged both in appellant's brief and the State's brief, reduces to one of statutory application. The trial court's ruling on the admission of evidence of the seizure of marihuana from appellant's possession is challenged on grounds of unlawfulness of the initial police stop of appellant's car. Appellant suggests, and the State in its brief agrees, that the issue is whether the officer was authorized to stop appellant under Article 14.03 or 14.04, V.A.C.C.P.

Article 14.03, supra, provides:

"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

Article 14.04, supra, provides:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace

officer may, without warrant, pursue and arrest the accused."

It does not appear that Article 14.03, supra, has any application to the facts in this case. It is clear from the statement of the facts in the majority opinion that the officer was not acting on the basis of any suspicious character regarding *the place appellant was found* by him, nor was he acting on the basis of any committed felony or breach of the peace, or anticipated commission of some offense reasonably shown by *the circumstances under which appellant was apprehended.* To the contrary, the officer was acting entirely upon the basis of communications from citizen Kinkaid, rather than the place or circumstances at the time appellant was stopped. The statutory basis for the officer's actions, therefore, must be sought in Article 14.04, supra.

In measuring the actions of a peace officer against the standards of Art. 14.04, it must be asked whether the officer was (1) presented with satisfactory proof (measured by objective standards subject to judicial review, not simply subjectively satisfactory to the officer), (2) upon the representation of a credible person, that (3) a felony was committed, and (4) the offender was about to escape.

The inquiry here may begin and end with consideration of the first question. The officer was not presented with satisfactory proof that a felony had been committed. The officer had received a report from Kinkaid that a burglary *might* have been committed at his neighbor's, the Hoffman residence. An investigation at the scene, however, did not reveal anything missing or any forced entry. The officer testified that when he stopped appellant he did not have any affirmative facts that an offense had been committed at the Hoffman residence. The requirements of Article 14.04 were not met.

In *Brown v. State,* Tex.Cr.App., 481 S.W.2d 106, the officer knew an offense had been committed, but "had no specific knowledge connecting any of the appellants to the armed robbery." *Brown,* supra, at 111. In the instant case the officer did not

even know whether an offense had been committed.[1]

The stop was not authorized; the evidence should have been suppressed; the judgment should be reversed.

ROBERTS, J., joins in this dissent.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

PHILLIPS, Judge.

The offense is unlawful possession of a narcotic drug, marihuana; the punishment, assessed under the Controlled Substances Act, $100.00 fine.

The facts surrounding the instant offense are set forth in the opinion on original submission and need not be restated here.

■ On rehearing appellant asks us to reconsider whether the facts and information known to Bruce at the time he detained appellant justified the stop of appellant's automobile. As stated in the opinion on original submission, circumstances which do not constitute probable cause for arrest may justify a lesser intrusion upon the personal security of an individual, such as temporary detention for purposes of investigation. See *Mann v. State,* Tex.Cr.App., 525 S.W.2d 174. If Bruce lawfully stopped appellant's automobile, testimony concerning the contraband was admissible because marihuana was in open view of the officer when appellant emerged from the vehicle. *Long v. State,* Tex.Cr.App., 532 S.W.2d 591; *Hunnicutt v. State,* Tex.Cr.App., 531 S.W.2d 618.

Bruce stated he did not observe appellant committing any traffic violations or any offense. Cf. *Hampton v. State,* Tex.Cr.App., 511 S.W.2d 1. Bruce testified he stopped appellant as part of the investigation of the suspected burglary. He admitted that at the time he stopped appellant's car he did not have any affirmative facts

that a burglary or an offense had been committed. During voir dire examination of Bruce, the following occurred:

"THE COURT: Just tell me why Mr. Kinkaid thinks there was a burglary?
A. Well, I don't know, Judge. He just—he said he had seen the cars up there at the house, and he thought they had gone in one that was supposed to have permission to go in there. He was watching the house for these people."

The record does not contain any other evidence to support Kinkaid's belief that a burglary or attempted burglary occurred. It appears Bruce detained appellant's automobile because Kinkaid thought someone had entered a house while the owners were away and he believed appellant's car was one of the vehicles that had been at the house. Although Bruce testified he stopped appellant at about 7:00 or 7:30 p. m., the record does not indicate when Kinkaid observed the vehicles at the house. The record also does not reveal how many cars and people Kinkaid saw at the house, if he was able to give a description of any of the persons or other vehicles, or if he described any activity which would lead a reasonably prudent man to believe a burglary had been committed. See and compare *Casarez v. State,* Tex.Cr.App., 504 S.W.2d 847.

■ The information received from Kinkaid and Bruce's subsequent investigation of the house are not circumstances which reasonably show a felony had been committed so as to justify appellant's detention under either Art. 14.03 or 14.04, V.A.C.C.P. The inarticulate hunch, suspicion or good faith of an arresting officer is insufficient to constitute probable cause for an arrest, search or temporary detention. *Talbert v. State,* Tex.Cr.App., 489 S.W.2d 309.

■ The record does not reveal specific and articulable facts and circumstances such as to justify Officer Bruce's initial stop of appellant's vehicle. The trial court erred in permitting Officer Bruce to testify as to

---

1. Even at trial, twenty-one months after the arrest, there was no showing of an offense at the Hoffman residence.

**398**

what he observed after he detained appellant.

Appellant's motion for rehearing is granted. The judgment is reversed and the cause remanded.

DOUGLAS, J., dissents for the reasons set forth in the opinion affirming the conviction on original submission.