Joseph Lee HOWARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 6-81-080-CR.

Court of Appeals of Texas, Texarkana.

Feb. 16, 1982.

Gary M. Polland, Schneider, Garcia & Polland, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, for appellee.

BLEIL, Justice.

Joseph Howard appeals his conviction for burglary of a motor vehicle. Punishment is confinement for six years. We must decide whether the evidence against Howard was procured by an illegal search and seizure. We decide that the evidence was lawfully obtained and affirm the judgment of conviction.

Houston police officers Scott Rosecrantz and R. C. Buchert were on routine patrol around 900 Baldwin in Houston. Fully uniformed, but in an unmarked police vehicle, they spotted Joseph Howard at 10:00 P. M. on May 22, 1980. He came from behind a semi-tractor trailer truck, walking at a fast pace, breathing hard, sweating, and carrying an open knife in his right hand with a "President's First Lady" gym bag in his left hand. The officers approached Howard and asked him if anything was wrong. He stated that he was being chased by four men in a yellow chevrolet. In response to a request for identification by one of the offi-cers, Howard presented two expired traffic tickets. Noting the expiration, the officers learned upon inquiry that there were outstanding warrants for the arrest of Joseph Howard. At that time the officers arrested Howard, took the knife and gym bag, and went to the police station.

At City Jail the gym bag was opened for standard property inventory. Howard said the bag belonged to someone other than the one whose name was on the outside of the bag, Susan Birchfield. The bag was opened and contained a sweat shirt, a tee shirt, leotards, washcloths, underwear, a "President's First Lady" membership card, shoes, and sandals. When Susan Birchfield was contacted, she identified the bag and contents as hers.

On this appeal Howard claims the trial court erred in overruling his motion to suppress the gym bag and contents on the basis that the evidence resulted from an illegal search and seizure. He contends that there was no sufficient basis for the initial detention. Thus, he urges that the subsequent arrest and inventory search were illegal, and the evidence produced therefrom inadmissible.

The key to our decision is whether the momentary detention of Howard was permissible. A police officer may briefly stop an individual under suspicious circumstances in order to determine identity or to maintain the status quo momentarily while obtaining more information. *Shaffer v. State*, 562 S.W.2d 853 (Tex.Cr.App.1978). And, circumstances short of probable cause for an arrest may justify a temporary investigative detention because investigation is a lesser intrusion on personal security than an arrest. *Leighton v. State*, 544 S.W.2d 394 (Tex.Cr.App.1976). We must look to the totality of the circumstances surrounding the incident to determine whether police conduct is reasonable. It is generally held that in order to justify the intrusion the law enforcement officer must have specific or articulable facts which when considered with his experience, personal knowledge and the inferences from

**538**

the facts, would warrant the intrusion of freedom of a citizen detained for further investigation. *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *Shaffer v. State*, supra; *Armstrong v. State*, 550 S.W.2d 25 (Tex.Cr. App.1976).

Under the circumstances present, the officers reasonably suspected that some activity out of the ordinary was occurring or had occurred and that Howard was connected with the unusual activity. The events were more consistent with criminal activity than with innocent activity and the detention was reasonable. The officers initially saw Howard at 10:00 P. M. in a high crime area, walking in the street at a fast pace, perspiring, breathing heavily, with an open knife in his left hand and a lady's gym bag in his right hand. We determine that the temporary detention of Howard for the purpose of investigation was justified.

This temporary detention is justified on another basis. It might have appeared to the officers that Howard was either the victim of criminal activity or in need of emergency assistance. Indeed, after they asked him if anything was wrong he said he was being chased by four men. The temporary detention is justifiable on the basis of the emergency doctrine. *Bray v. State*, 597 S.W.2d 763 (Tex.Cr.App.1980). The officers were justified in detaining Howard by the need to act immediately to protect or preserve life or to prevent serious injury.

We have determined that the temporary detention was lawful. Therefore the subsequent arrest on the outstanding traffic warrants, and the property inventory conducted at the police station were lawful.

We affirm the judgment.