Affirmed and Memorandum Opinion filed February 19, 2008








Affirmed and Memorandum Opinion filed February 19, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00229-CR

____________

 

CARL ANTHONY LEE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 1075225

 



 

M E M O R A N D U M  O P I N I O N

Appellant,
Carl Anthony Lee, appeals his conviction for the possession of a controlled
substance and raises two issues contending that the trial court erred by: (1)
denying appellant=s motion to suppress; and  (2) applying Athe inevitable discovery@ doctrine to the illegally seized
contraband.   We affirm.








Background

At 2:34
a.m. on July 2, 2006, appellant was driving his 1993 Pathfinder SUV and
carrying a passenger, Cedric Jenkins.  Officers M. K. Williams and R. Martinez
were on patrol when they noticed appellant=s SUV moving past
them with a broken headlight; they turned on their lights and pulled behind the
SUV.  

The officers used a spotlight to illuminate the SUV because
it had tinted windows and the street was dark.  They observed Afurtive@ movements within
the vehicle.  They also observed that the vehicle swerved into other lanes, and
that appellant took about 45 seconds to pull over even though there was little
traffic.  The SUV nearly struck the curb when appellant finally did pull over. 
The commotion in the SUV continued after it was parked.  

Given appellant=s behavior,
Williams directed him to step out of the vehicle; asked him if he had any
weapons in the truck; and told him to place his hands on the hood of the SUV so
he could be checked for weapons.  As appellant exited the vehicle, Williams 
noted a baggie protruding from the pocket of appellant=s shorts.  During
a brief pat-down for weapons, Williams felt a hard lump in that pocket. 
Williams believed the lump to be cocaine.  He removed the contents of that
pocket and found thirteen separate small plastic baggies.   Laboratory testing
later confirmed that the baggies contained cocaine. 

Appellant=s motion to suppress was heard by the
trial court on January 25, 2007 and denied on March 13, 2007.   Appellant then
pled guilty to the charge of possession with intent to distribute a controlled
substance, without waiving his right to appeal, and was sentenced to five
years.[1] 


 

 








Standard of Review

 The trial court is the sole trier of fact at a suppression
hearing; its evaluation of witness testimony and credibility is entitled to
almost complete deference.  Torres v. State, 182 S.W.3d 899, 902 (Tex.
Crim. App. 2005); see also Guzman v. State, 955 S.W.2d 85, 87-88 (Tex.
Crim. App. 1997).  While we grant great deference to the trial court=s determination of
historical facts, we apply de novo review to legal determinations and to
mixed questions of law and fact that do not pivot upon witness testimony and
credibility. Torres, 182 S.W.3d at 902; Morrison v. State, 132
S.W.3d 37, 42 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  We apply the
same bifurcated standard of review to Fourth Amendment search and seizure
cases, giving near total deference to the trial court=s factual
determinations while reviewing de novo its application of the law.  Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

When the trial court makes no explicit findings of fact, as
in the present case, we must view the evidence in the light most favorable to
the trial court=s determination.[2] 
Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  We will
assume the trial court made such determinations of fact as the judgment
requires, and will uphold those determinations if evidence in the record
supports them.  Torres, 182 S.W.3d at 902. 

The defendant bears the initial burden of proof at a Fourth
Amendment suppression hearing, but this burden shifts to the State when no
warrant was issued.  Russell v. State, 717 S.W.2d 7, 9-10 (Tex. Crim.
App. 1986).  The State then bears the burden to show the warrantless search was
reasonable.  Id.  








In Texas, the Atotality of the
circumstances@ test applies to determine whether probable cause
exists for a warrantless search and seizure.  See Amores v. State, 816
S.W.2d 407, 413 (Tex. Crim. App. 1991). APursuant to the
Fourth Amendment, a warrantless search of either a person or property is
considered per se unreasonable subject to a >few specifically
defined and well established exceptions.=@  McGee v.
State, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003) (quoting Minnesota v.
Dickerson, 508 U.S. 366, 372 (1993)).  Among these exceptions are voluntary
consent to search, search under exigent circumstances, and search incident to
arrest.  Id.  AAn unarticulated >hunch,= a suspicion, or
the good faith of the arresting officer is insufficient to support probable
cause@ to justify a
warrantless search.  Torres, 182 S.W.3d at 902 (citing Leighton v.
State, 544 S.W.2d 394 (Tex. Crim. App. 1976)).  A trial court abuses its
discretion when it refuses to suppress evidence that is acquired in violation
of the law and therefore inadmissible under article 38.23 of the Code of
Criminal Procedure.  Tex. Code Crim. Proc. Ann. art 38.23(a) (Vernon Supp.
2007); see Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim. App.
1993).                

Analysis

Appellant=s first issue contends that the trial court erred in denying his
motion to suppress because Officer Williams lacked the necessary reasonable
basis to detain and search him on July 2, 2006.  

The State stipulated that appellant was stopped and
searched without a warrant, and that the State therefore bore the burden to
demonstrate that no warrant was required.  McGee, 105 S.W.3d at 615.  A
warrant is not required when an officer temporarily detains someone if the
officer has a reasonable suspicion that justifies doing so.  See Gurrola v.
State, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994) (en banc).  








Here, a broken headlight was the initial reason for
stopping appellant.  Although the appellant claims the headlight was not
broken, as a historical fact we accept the trial court=s implicit finding
that the stop was justified for this reason.[3] 
Torres, 182 S.W.3d at 902; Guzman, 955 S.W.2d at 87-88.   Officer
Williams had authority to conduct a pat-down for weapons pursuant to this brief
legal detention.  See Terry v. Ohio, 392 U.S. 1, 27 (1968); Morrison,
132 S.W.3d at 45.  The only issue in dispute is whether Williams had probable
cause to remove the baggie from appellant=s pocket after
determining it was not a weapon, and in the absence of additional incriminating
evidence such as the smell of marijuana or the presence of other visible drug
paraphernalia. 

The State contends, and Officer Williams testified, that
Williams was justified in conducting a pat-down search for weapons because of
appellant=s actions after he was signaled to pull over. 
Williams testified that appellant made furtive movements to the right during
the moments before he finally pulled over, as if he was putting something into
his right pocket; during this time appellant had difficulty maintaining his
lane.[4] 
The State argues that this behavior, along with the fact that appellant was a
large man, gave Williams cause to conduct a Terry search of the
defendant.  Williams testified that during this Terry search of the
outside of appellant=s pants, which were similar to cargo
pants, he felt the lump in appellant=s pocket and that
the lump felt like cocaine.  








At the suppression hearing, Williams testified that he had
probable cause upon seeing the baggie even before he felt the contents of appellant=s pocket because
they were in a neighborhood with drug activity,  and because in Williams= experience
baggies often contain drugs.  Williams testified he did not act on his initial
belief.  Rather, the removal of the baggie was done only after he felt the
pocket during the Terry pat-down, at which time Williams concluded he
was feeling cocaine. 

The cocaine discovery was premised upon the Terry frisk
and Officer Williams= identification of the substance as
cocaine before removing it from appellant=s pocket.  
Appellant argues that Williams exceeded the scope of his Terry authority
by reaching into his pocket and recovering the narcotics.  We reject this
argument.  

AIf the protective search goes beyond what
is necessary to determine if the suspect is armed, it is no longer valid under Terry,
and its fruits will be suppressed.@  Dickerson,
508 U.S. at 373.  However, when Aa police officer
lawfully pats down a suspect=s outer clothing and feels an object whose
contour or mass makes its identity immediately apparent, there has been no
invasion of the suspect=s privacy beyond that already authorized
by the officer=s search for weapons.@  Id. at
375.  If an officer is legitimately conducting a Terry frisk, no
additional privacy interest is implicated by the seizure of an item whose
identity is already known through the officer=s sense of touch. 
Carmouche, 10 S.W.3d at 330 (citing Dickerson, 508 U.S. at
377).   








Applying Dickerson, it is clear that Officer
Williams= pat-down and
discovery of the cocaine-filled packets did not exceed permissible bounds. 
Williams testified at trial that when he conducted the frisk he believed upon
feeling the lump in appellant=s pocket that he was touching cocaine. 
Appellant emphasizes one line in Officer Williams= testimony: AWhen I grabbed
whatever it was and I didn=t know what it was.@  Appellant
characterizes this as an admission that Officer Williams was not certain about
what he had encountered.  Appellant=s argument fails
because this testimony, taken in context, comports with Officer William=s testimony that
any initial uncertainty upon encountering the lump was dispelled once he had
felt the lump in appellant=s pocket.  This testimony provides no
basis for disturbing the trial court=s ruling.  Even if
this testimony gives rise to a credibility determination, we defer to the trial
court=s determination on
this issue.

An officer=s tactile appreciation of a substance=s nature has been
upheld as a valid basis for removing and recovering contraband.  See Dickerson,
508 U.S. at 375-377 (adopting a Aplain touch
doctrine@ pursuant to Terry
searches; an item=s size and contour can confirm its
identity to an officer with as much certainty as a visual inspection); Griffin
v. State, 215 S.W.3d 403, 410 (Tex. Crim. App. 2006) (sufficient evidence
existed to uphold Aplain touch@ doctrine when
officer immediately recognized the container as one commonly used in
carrying narcotics).   This rule applies with full force to Officer Williams= conduct here.

Appellant=s first issue is overruled.

Appellant=s second issue regarding the inevitable
discovery doctrine is immaterial because probable cause existed for the
search.  Further, the trial court=s reasoning in
admitting the evidence at trial is not dispositive when there are alternative
grounds for doing so.  Therefore, even if we assume that the inevitable
discovery rule is inapplicable, the evidence properly was admissible based on
the alternative grounds discussed above.  Osbourn v. State, 92 S.W.3d
531, 538 (Tex. Crim. App. 2002) (AEven if the trial
judge gives the wrong reason for his decision, if the decision is correct on
any legal theory of law applicable to the case it will be sustained@); see also
Brimage v. State, 918 S.W.2d 466, 479 (Tex. Crim. App. 1994) (same); Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (same).  

Appellant=s second issue is overruled.

 








Having concluded the trial court acted within its
discretion in refusing to suppress cocaine found after a brief detention and Terry
frisk, the judgment of the trial court is affirmed.

 

 

/s/        William
J. Boyce

Justice

 

Judgment rendered and Memorandum Opinion filed
February 19, 2008.

Panel consists of Chief Justice Hedges, and Justices
Anderson and Boyce.

Do not publish C Tex. R. App. P. 47.2(b).









[1]  Appellant crossed out the standard language waiving
his right to appeal on his guilty plea form on March 13, 2007.





[2]  Appellant=s
brief asserts that the trial court made findings of fact, but he cites to
commentary by the court overruling the suppression motion. The trial court
found probable cause for the traffic stop and then noted that because appellant
could have been arrested for the traffic offense, any narcotics discovered
would be admissible. 





[3]  The trial court explicitly accepted Officer Williams= rendition of this fact when it overruled appellant=s motion to suppress.  Williams also testified about
other traffic violations, including appellant=s failure to maintain his lane four times and failure to yield in a
timely manner after the squad car pulled behind him and used its lights to
indicate an intention to pull appellant over.





[4]  This testimony was countered by appellant, who
offered the testimony of a private investigator.  This investigator reenacted
events in an effort to show that the use of a spotlight would not have allowed
Williams to see any movement in appellant=s
SUV because of the dark window tinting.  The trial court excluded the private
investigator=s testimony and accepted Williams= testimony.  Appellant does not complain on appeal of
the refusal of the trial court to consider this expert testimony at the
suppression hearing.