FILED IN
COURT OF CRIMINAL APPEALS

January 20, 2015

ABEL ACOSTA, CLERK

PD-1087-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/19/2015 1:54:33 PM
Accepted 1/20/2015 8:33:44 AM
ABEL ACOSTA
CLERK

**NO. PD-1087-14**

# IN THE CRIMINAL COURT OF APPEALS
## OF TEXAS
## AUSTIN, TEXAS

---

**IKE ANTYON BRODNEX,**
**Appellant,**

**v.**

**THE STATE OF TEXAS,**
**Appellee.**

---

**NO. 11-12-00076-CR**
**IN THE COURT OF APPEALS**
**ELEVENTH SUPREME JUDICIAL DISTRICT OF TEXAS**
**EASTLAND, TEXAS**

---

**Appealed from the 385th Judicial District Court of Midland County, Texas**
**Honorable Robert H. Moore, III, Judge Presiding by Assignment**

---

**BRIEF OF THE APPELLANT**

---

**Raymond K. Fivecoat**
**State Bar No. 24010024**
**FIVECOAT & ROGERS, P.L.L.C.**
**214 W. Texas Ave., Ste. 811**
**Midland, Texas 79701**
**(432) 620-8774 (Telephone)**
**(432) 620-9945 (Facsimile)**
**ray@fivecoatlaw.com**

**APPELLANT REQUESTS ORAL ARGUMENT**

## IDENTITY OF THE PARTIES

Pursuant to Tex. R. App. P. 38.1(a), Appellant IKE ANTYON BRODNEX, certifies that the following is a complete list of the names and addresses of the parties to the final judgment of the trial and their counsel:

**APPELLANT**
**IKE ANTYON BRODNEX**    **RAYMOND K. FIVECOAT**
TDCJ# 01771584      FIVECOAT & ROGERS, P.L.L.C.
Smith Unit        214 W. Texas Ave., Ste. 811
1313 County Road 19     Midland, Texas 79701
Lamesa, Texas 79331      *Appellate Counsel*

             **RAYMOND K. FIVECOAT**
             FIVECOAT & ROGERS, P.L.L.C.
             214 W. Texas Ave., Ste. 811
             Midland, Texas 79701
             *Trial Counsel*

**APPELLEE**
**STATE OF TEXAS**      **BETHANY STEPHENS**
             **REBECCA PATTERSON**
             Assistant District Attorney
             500 N. Loraine, Ste. 200
             Midland, Texas 79701
             *Trial Counsel*

             **CAROLYN THURMOND**
             Assistant District Attorney
             500 N. Loraine, Ste. 200
             Midland, Texas 79701
             *Appellee Counsel*

**TRIAL COURT JUDGE**    **JUDGE ROBERT H. MOORE, III**
             **Sitting by Assignment**
             385th Judicial District Court
             Midland County, Texas
             500 N. Loraine, Ste. 900
             Midland, Texas 79701

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES..................................................................................i

TABLE OF CONTENTS.......................................................................................ii

INDEX OF AUTHORITIES..........................................................................iii-iv

STATEMENT REGARDING ORAL ARGUMENT................................................v

STATEMENT OF THE CASE AND PROCEDURAL HISTORY......................1-2

GROUNDS FOR REVIEW………......................................................................3

**The Court of Appeals erred in upholding the trial court's denial of Brodnex's <u>Motion to Suppress Evidence</u> when it found that an officer has reasonable suspicion to detain a suspect based upon observing the suspect walking with another person at 2 a.m. in an area known for narcotics activity and based upon the officer's unsubstantiated belief that the suspect is a "known criminal".**

REASONS FOR REVIEW.....................................................................................3

ARGUMENT AND AUTHORITIES.................................................................4-11

PRAYER........................................................................................................11-12

CERTIFICATE OF SERVICE............................................................................13

CERTIFICATE OF COMPLIANCE....................................................................14

# INDEX OF AUTHORITIES

## Cases:

*Adams v. Williams*,
      407 U.S. 143, 146-47, 92 S.Ct. 1921, 1923-24, 32 L.Ed. 2d. 612 (1972) ......5

*Armstrong v. State*,
      550 S.W.2d 25 (Tex. Crim. App. 1976)
      (opinion on state's motion for rehearing, 1977).....................................10-11

*Brown v. State*,
      443 U.S. 47,53,99 S.Ct. 2637, 2641, 61 L.Ed.2d. 357 (1979) ......................9

*Davis v. State,*
      947 S.W.2d 240, 244 (Tex. Crim. App. 1997) .............................................5,6

*Ford v. State*,
      158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005) .........................................5

*Gamble v. State*,
      8 S.W.3d 452, 453-54 (Tex. App. Houston [1st Dist.] 1999, no pet.) ............9

*Garcia v. State*,
      43 S.W.3d 527, 530 (Tex. Crim. App. 2001) ..................................................6

*Garza v. State*,
      771 S.W.2d 549, 558 (Tex. Crim. App. 1989) .......................................5, 9-11

*Howe v. State*,
      874 S.W.2d 895, 900 (Tex. App. – Austin 1994, no pet.) ..............................6

*Leighton v. State*,
      544 S.W.2d 394 (Tex. Crim. App. 1976)
      (opinion on appellant's motion for rehearing, 1976)....................................11

*Madden v. State*,
      242 S.W.3d 504, 517 (Tex. Crim. App. 2007) ...............................................6

*Scott v. State,*
 549 S.W.2d 170 (Tex. Crim. App. 1976) ........................................................9

*Shaffer v. State,*
 562 S.W.2d 853, 855 (Tex. Crim. App. 1978) ..............................................5

*Terry v. Ohio,*
 392 U.S. 1, 88 S.Ct. 1968, 20 L.Ed. 2d 889 (1968) ....................................5

*Torres v. State,*
 182 S.W.3d 899, 902 (Tex. Crim. App. 2005) ..............................................4

*United States v. Brignoni-Ponce,*
 422 U.S. 873, 878, 95 S.Ct. 2574, 2549, 45 L.Ed.2d 607 (1975) ..................9

*United States v. Cortez,*
 449 U.S. 411, at 420-21, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981) ...................9

*United States v. Jimenez-Medina,*
 173 F.3d 752 (9th Cir. 1999) ........................................................................9

*Williams v. State,*
 621 S.W.2d 609, 612 (Tex. Crim. App. 1981) ...........................................5-6

## STATEMENT REGARDING ORAL ARGUMENT

Brodnex believes that oral argument would assist this Court in the explanation and disposition of the issue presented in this petition. Therefore, Brodnex respectfully requests oral argument.

**To the Honorable Justices of the Court of Criminal Appeals:**

Now Comes Appellant, IKE ANTYON BRODNEX, Appellant in this cause, by and through his attorney of record, Raymond K. Fivecoat, and, pursuant to the provision of Tex.R.App.Pro. 66, et seq., moves this Court to grant discretionary review, and in support, would show as follows:

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY

Appellant was indicted in a two-count indictment, with tampering with physical evidence, and with possession of a controlled substance, less than 1 gram, each of which also contained enhancement paragraphs. (I CR at 9-12). Appellant filed a <u>Motion to Suppress Evidence</u>, which was denied by the trial court after a hearing on the same. (I CR at 118, 128; VI RR at 1). After a bench trial, the trial court found Appellant not guilty of the tampering with evidence count, but guilty to the possession of a controlled substance, less than 1 gram. (VII RR at 61; I CR at 131–136). The trial court sentenced Appellant to the maximum term of twenty (20) years confinement in the Institutional Division of the Texas Department of Criminal Justice. (VII RR 7 at 94; I CR at 131).

Appellant filed his notice of appeal from this ruling. (I CR at 139). The Eleventh Court of Appeals affirmed the trial court's denial of Appellant's <u>Motion to Suppress</u>, and affirmed his conviction in an opinion not designated for publication. *Brodnex v. State*, No. 11-12-00076-CR (Tex. App. – Eastland,

1

delivered July 17, 2014).   Appellant timely filed a <u>Petition for Discretionary Review</u> with this Court, which was refused on November 6, 2014; however, within the Order refusing Appellant's petition for discretionary review, this Court granted review on its own motion.

## GROUNDS FOR REVIEW

The Court of Appeals erred in upholding the trial court's denial of Brodnex's <u>Motion to Suppress Evidence</u> when it found that an officer has reasonable suspicion to detain a suspect based upon observing the suspect walking with another person at 2 a.m. in an area known for narcotics activity and based upon the officer's unsubstantiated belief that the suspect is a "known criminal".

## REASONS FOR REVIEW

Review is proper pursuant to Tex. R. App. Pro. 66.3(a) because the Court of Appeals decision conflicts with another Court of Appeals' decision on the same issue. Review is proper under Tex. R. App. Pro. 66.3(b) because the Court of Appeals has decided an important question of state law that has not been, but should be, settled by the Court of Criminal Appeals. Review is also proper under Tex. R. App. Pro. 66.3(c) in that the Court of Appeals has decided and important question of state law in a way that conflicts with applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States. In the alternative, the Court of Appeals ruling in this case calls for the Court of Criminal Appeals to exercise its power of supervision under Tex. R. App. Pro. 66(f).

The Court of Appeals erred in upholding the trial court's denial of Brodnex's Motion to Suppress Evidence. This ruling establishes that an officer has reasonable suspicion to detain a suspect based upon observing the suspect walking with another person at 2 a.m. in an area known for narcotics activity and based upon the officer's unsubstantiated belief that the suspect is a "known criminal". However, such a conclusion is against the weight of the evidence presented at trial in this case, and such a holding is also against the weight of the precedence established by other appellate courts and by the Court of Criminal Appeals. Therefore, such a ruling should be reversed.

**1.    Reasonable Suspicion is Required to Exist Prior to the Seizure of a Person or Property.**

The initial burden of proof on any motion to suppress filed with the trial court on the basis of a Fourth Amendment violation rests with the defendant. *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005). The defendant overcomes his burden by establishing that the search or seizure occurred without a warrant. *Torres* at 902. After establishing the warrantless search or seizure, the burden shifts to the State to establish the reasonableness of such a warrantless search. *Id*.

Once the Appellant has established that it is a warrantless search, it is up to the State to prove that the officer conducting the search had reasonable suspicion

4

*prior to the seizure of the person* or property. *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997) (emphasis added). The same standards applied whether a person is obtained as a pedestrian or is the occupant of an automobile. See *Adams v. Williams*, 407 U.S. 143, 146–47, 92 S.Ct. 1921, 1923–24, 32 L.Ed. 2d 612 (1972) at 145–46, 92 S.Ct. at 1922–23; *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex. Crim. App. 1978).

Appellant concedes that under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889 (1968), a police officer can stop and briefly detain a person for investigative purposes if they have a reasonable suspicion supported by articulable facts the criminal activity may be afoot. *Terry* at 30. Reasonable suspicion exists when, based on the totality of circumstances, the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or she will soon be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492–93 (Tex. Crim. App. 2005).

The articulable facts "must create some reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detainee with the unusual activity, and some indication the unusual activity is related to crime." *Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). These facts must amount to more than a mere hunch or suspicion. *Williams*

5

*v. State*, 621 S.W.2d 609, 612 (Tex. Crim. App. 1981), see also *Howe v. State*, 874 S.W.2d 895, 900 (Tex.App.—Austin 1994, no pet.).

The burden is on the State to elicit testimony showing sufficient facts to create a reasonable suspicion. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). Whether reasonable suspicion exists is determined by considering the facts known to the officer at the moment of detention. *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997). Any investigative detention that is not based on reasonable suspicion is unreasonable and violates the Fourth Amendment. *Id.*

Whether the totality of circumstances is sufficient to support officers reasonable suspicion is a legal question that is reviewed by appellate courts *de novo*. See *Madden v State*, 242 S.W.3d 504, 517 (Tex. Crim. App. 2007).

2. **The Court of Appeals committed error in upholding the trial court's denial of Brodnex's <u>Motion to Suppress Evidence</u>, as it improperly found that reasonable suspicion existed to justify the seizure of Appellant.**

As shown by the evidence in this case, the State failed to establish that the officer had any reasonable suspicion to *prior* to the seizure of Appellant's person. The officer failed to articulate any facts that Brodnex had or was engaging in some out of the ordinary activity, or any facts that linked Brodnex to some unusual activity related to a crime.

The officer testified that he observed two individuals leaving a hotel at 2:00 a.m. on foot and made contact with them. (6 RR at 5). The officer did not know

6

these two individuals prior to making contact. (6 RR at 10-11). The officer initially testified that he made contact with the two individuals, detained Brodnex by placing him in handcuffs for officer safety, moved him to the front of the patrol car and searched his person.[1] (6 RR at 5-6). At the time the officer made contact with Brodnex, he did not know Brodnex or his criminal history or background. (6 RR at 12). When Brodnex identified himself, the officer recognized Appellant as a known criminal in Midland, but could not articulate any fact with any personal knowledge to support his belief. (6 RR at 12).

At no point does the officer testify the reason for making contact with these

---

[11] Initially the officer testified that the first thing he did when he came into contact with Brodnex was to handcuff him. (6 RR at 10). The officer later contradicted himself and testified that he handcuffed Brodnex after he asked the two individuals where they were coming from and what his name was. (6 RR at 11). However, the officer stated that when Brodnex was placed into handcuffs, it was not captured on the patrol car's in-car camera recording. (6 RR at 10). The in-car video was admitted into evidence at trial and was played for the court at both the suppression hearing and trial. (6 RR at 22, State's Exhibit 1, 7 RR at 27). testifies that he handcuffed Brodnex after he asked the two individuals where they were coming from and what his name was. (6 RR at 11). However, the officer stated that when Brodnex was placed into handcuffs, it was not captured on the patrol car's in-car camera recording. (6 RR at 10). Said in-car video was admitted into evidence at trial and was played for the court at both the suppression hearing and trial. (6 RR at 22, State's Exhibit 1, 7 RR at 27).

two individuals. He testified he did not know these individuals prior to making contact. He testified that he merely that he saw two individuals leaving a hotel. (6 RR at 5). At no point in time did the officer articulate his belief that either the individuals were involved in, about to be involved in, or had been involved in any type of criminal activity.

The State tried to illicit testimony from the officer about the area being a known for narcotic activity. (6 RR at 6). However, the officer never testified that this was a fact that he considered prior to making contact with Brodnex and the individual he was walking with that morning. Likewise, the State attempted to illicit testimony from the officer about the time of day this occurred (6 RR at 5), but at no time does the officer state that the time of day was a fact that he considered prior to making contact with Brodnex. Instead, the officer testified that the time of day, the location and fact that he had contacted two individuals were factors that caused him safety concerns to justify placing Brodnex in handcuffs *after* he made contact with the two individuals. (6 RR at 6). Even with this testimony, at no point time did the officer articulate that he had any belief that either individuals were involved in, about to be involved in, or had been involved in any type of criminal activity *prior to* making contact with these individuals.

The fact that criminal activity is more likely in one geographical area than another does not, by itself, satisfy the standards required for an interrogatory stop.

8

*United States v. Brignoni-Ponce*, 422 U.S. 873, 882, 886, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). Likewise, the time of day is a factor that a court may take into consideration when determining whether an officer's suspicion was reasonable; however, time of day is not suspicious in and of itself. *Brown v. Texas*, 443 U.S. 47, 53, 99 S.Ct. 2637, 2641, 61 L.Ed.2d 357 (1979) (concluding that nighttime activity per se is not sufficient to create reasonable suspicion of criminal activity); *United States v. Cortez*, 449 U.S. 411, at 420–21, 101 S.Ct. 690, 66 L.Ed.2d 621(pointing out that time of day may be a legitimate, yet marginal consideration, in a reasonable suspicion analysis); *Scott v. State*, 549 S.W.2d 170 (Tex. Crim. App. 1976) (finding that time of day 1:30 a.m.-along with other factors-high crime area and reports of hubcap thefts in the past, insufficient to support reasonable suspicion); *Gamble v. State*, 8 S.W.3d 452, 453–54 (Tex. App.-Houston [1st Dist.] 1999, no pet.) (invalidating a search when a detention was based on a history of drug sales in the area, frequent calls for police assistance to the area, and time of day, i.e., 3:00 a.m.); *United States v. Jimenez–Medina*, 173 F.3d 752 (9th Cir.1999) (finding factors of time of day, along with four other factors, insufficient to support inference of reasonable suspicion).

The evidence in this case is most similar to those at bar in *Garza v. State*[2]. In that case this Court found that prior to the time he stopped appellant, the officer

---

[2] *Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989)

9

had observed nothing to indicate that an offense was being committed or had been committed and nothing to suggest that any illegal activity was about to take place. In that case, the officer had received information through police channels was that a person named Albert Garza, Jr., was "good for" burglaries such as those that had occurred recently, and the officer had seen a mug shot of Garza and had received a description, including the license plate number, of Garza's automobile. The officer had also heard that Garza was a narcotics addict. However, this Court held that "[t]he total information, then, was merely that appellant, a dope addict according to a computer print-out, had been seen at some unspecified times in an area where some unspecified burglaries had been committed at some unspecified times." *Garza* at 188.

This court held in *Garza* that Garza's detention, despite all of this other evidence and knowledge of the officer, was improper, lacked reasonable suspicion because the alleged suspicion was not supported by sufficient articulable facts.

Also of note is an older Court of Criminal Appeals decision discussed with the *Garza* opinion. In *Armstrong v. State*[3] the officer had received some information concerning burglary suspects and a certain vehicle. The officer later observed a car which matched the description he had, and the next day saw the same vehicle, which then appeared to have been painted over with spray paint. The

---

[3] *Armstrong v. State*, 550 S.W.2d 25 (Tex. Crim. App. 1976) (opinion on state's motion for rehearing, 1977).

officer then conducted a stop, without having observed any violations or anything suspicious. The detention was held to be "just the sort of fishing expedition the Fourth Amendment and Article I, § 9 of the State Constitution, were designed to prohibit." *Id*. at 31; *see also Leighton v. State*, 544 S.W.2d 394 (Tex. Crim. App. 1976) (opinion on appellant's motion for rehearing, 1976) (defendant seen driving a white Fiat that the officers believed was parked in front of a house that was allegedly burglarized).

In light of the precedents set by other Court of Appeals and the Court of Criminal Appeals, the decision made by the Eastland Court of Appeals attempts to resolve an issue of law contrary to the pre-established decisions regarding the issue of reasonable suspicion prior to the warrantless seizure, and subsequent search, of Brodnex. At no point did the officer ever articulate any fact that gave rise to his belief, prior to seizing Brodnex, that he or the female he was walking with, were, had been, or swill soon be engaged in criminal activity. As such, the seizure and subsequent search of Brodnex was illegal, as it was not predicated upon proper reasonable suspicion, and the holdings of the trial court and Court of Appeals constitutes reversible error.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant requests that this Court reverse the appellate court's ruling and remand this case for further

11

proceedings consistent with its opinion.

Respectfully submitted,

FIVECOAT & ROGERS, P.L.L.C.
214 W. Texas Ave., Ste. 811
Midland, Texas 79701
(432) 620-8774 (Telephone)
(432) 620-9945 (Facsimile)
ray@fivecoatlaw.com

Raymond K. Fivecoat
State Bar No. 24010024

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 19th day of January, 2015, a true and correct copy of the foregoing <u>Brief of the Appellant</u> was electronically filed of record with the court, causing a copy to be forwarded electronically to all parties of record registered for electronic receipt of said filings. Additionally, a copy of said document was forwarded by USPS to Ms. Teresa Clingman, c/o Ms. Carolyn Thurmond, Midland County District Attorney, 500 N. Lorraine, Midland, Texas 79701, as well as Ms. Lisa C. McMinn, State Prosecuting Attorneys Office, P.O. Box 13046, Austin, Texas 78711-3046. Additionally, I further certify that a copy of this document has been served upon Ike Antyon Brodnex, via U.S. First Class Mail to the last known address of Defendant-Appellant Ike Antyon Brodnex, TDCJ No. 01771584, Smith Unit, 1313 County Road 19, Lamesa, Texas 79331.

Raymond K. Fivecoat

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared using Microsoft Word and according to the software's word count program, contains words 3250 (counting all parts of the document, including the accompanying proposed order, if applicable). The body text is in 14 point font and the footnote text, if any, is 12 point font.

_____
Raymond K. Fivecoat